## BRISTOL MFG. CORPORATION v. UNITED STATES.
### No. J–598.

Court of Claims.
March 13, 1933.

Robert T. Tedrow, of Washington, D. C.
(Allen H. Gardner and KixMiller, Baar &

Morris, all of Washington, D. C., on the brief), for plaintiff.

Lisle A. Smith, of Washington, D. C., and Charles B. Rugg, Asst. Atty. Gen. (Charles R. Pollard and D. Lewis Bergeron, both of Washington, D. C., on the brief), for the United States.

Before BOOTH, Chief Justice, and WHALEY, WILLIAMS, LITTLETON, and GREEN, Judges.

WHALEY, Judge.

The only question involved in this case is whether plaintiff is entitled to have interest on the refund of certain income and profits taxes computed under the Revenue Act of 1921 (42 Stat. 227) or the Revenue Act of 1924 (43 Stat. 253).

The essential facts are as follows:

The Revenue Act of 1924 was approved by the President June 2, 1924, at 4:01 p. m. An appropriate schedule, authorizing the allowance of refunds to plaintiff for income and profits taxes for 1917 to 1920, inclusive, was signed by the Commissioner on the same day (June 2, 1924), but prior to the hour when the President approved the Revenue Act of 1924. The Commissioner computed and paid plaintiff interest on the basis allowable under the Revenue Act of 1921 (section 1324 (a), 42 Stat. 316), and it is not contended by plaintiff that the amount thus determined was incorrect provided it should be held that the 1921 act was applicable. What plaintiff contends is that the Revenue Act of 1924 was applicable, and therefore a greater amount, namely, the amount here sued for, should be allowed, since the interest provisions of the 1924 act are more favorable to it than the corresponding provisions of the 1921 act.

The primary contention advanced by plaintiff is that the law does not take notice of fractions of a day, and that a statute which takes effect from its enactment relates back and becomes effective from the first moment of the day of its enactment. As a rule of convenience, and where no evidence is furnished as to the hour of the enactment of a given statute, the rule contended for by plaintiff is often applied, but it is likewise true that, "whenever it becomes important to the ends of justice, or in order to decide upon conflicting interests, the law will look into fractions of a day, as readily as into the fractions of any other unit of time." Louisville v. Portsmouth Savings Bank, 104 U. S. 469, 474, 26 L. Ed. 775, approving the rule declared in Grosvenor v. Magill, 37 Ill. 239. In the same case it was stated that "the rule [namely, disregarding fractions of a day] is purely one of convenience, which must give way whenever the rights of parties require it." In the most recent case we have been able to find on the subject (Nunn v. William Gerst Brewing Co. [C. C. A.] 99 F. 939, 940, decided by Judge Taft who was then a Circuit Judge) the rule was stated to be that "in the absence of proof there is a presumption that the act was signed on the first minute of the day when it took effect, but that it was competent to show by proof the exact time when the law was approved by the president, and that when this was made to appear the law could only be given effect from that time." In other words, the time of the approval of an act is a question of fact. United States v. Iselin (C. C.) 87 F. 194.

The Revenue Act of 1924, § 1104 (26 USCA § 1272 note), provides, in so far as material to this suit, that the act will take effect "upon its enactment." The time of the approval of such act by the President is the earliest moment at which it could take effect. Burgess v. Salmon, 97 U. S. 381, 383, 24 L. Ed. 1104. The Revenue Act of 1924 was not approved by the President until 4:01 p. m. on June 2, 1924, and was not a law until so approved under article 1, § 7 of the United States Constitution, and since we are satisfied from the preponderance of the evidence, and have so found as a fact, that the schedule of refunds, authorizing the payment of refunds on which interest is claimed, was signed by the Commissioner of Internal Revenue June 2, 1924, but prior to the hour when the President approved the Revenue Act of 1924, it follows that the Commissioner was correct in applying the Revenue Act of 1921 as the basis for computing interest on the refunds in question.

The petition must be dismissed, and it is so ordered.

WILLIAMS, LITTLETON, and GREEN, Judges, concur.

BOOTH, Chief Justice, took no part in the decision of this case on account of illness.