**JOHNSON MOTOR CO. v. UNITED STATES.**

No. M–113.

Court of Claims.

March 5, 1934.

Lyle T. Alverson, of New York City (Johnson & Shores, of New York City, on the brief), for plaintiff.

James A. Cosgrove, of Washington, D. C., and Frank J. Wideman, Asst. Atty. Gen., for the United States.

Before BOOTH, Chief Justice, and GREEN, LITTLETON, WILLIAMS, and WHALEY, Judges.

WHALEY, Judge.

This is a suit for the recovery of $10,098.-90 representing income tax and interest paid by plaintiff February 9, 1927, for the calendar year 1923.

The record of this case is most inadequate and unsatisfactory in regard to the essential facts upon which the plaintiff bases its contention; the facts are left in the twilight zone and the court is expected to pick out and piece together a case for the plaintiff from inferences and assumptions. All of the facts were well known to the officers of the old and new corporations and there is no assignment of any reason why the testimony of these officials has not been produced. From this vague record we gather that the plaintiff claims a capital set-up of approximately $200,000. In arriving at this amount plaintiff attempts to show that it purchased the entire assets of an insolvent corporation at a public sale held by the receiver of this corporation for the sum of $60,000; and that when this purchase was made it had an understanding with the agent of the creditors of this insolvent corporation whereby certain creditors' claims would be assumed by it. And as a matter of fact, in carrying out this agreement, the plaintiff subsequently paid the sum of $147,795.37 on the liabilities of the insolvent corporation although it only agreed to assume $137,735.98. There is no reason given for the additional payment. There is nothing in the record to show that the assets were worth more than the sum of $60,000 for which they were purchased at the public sale. The receiver who sold the assets was not a party to the agreement. The agent of the creditors made the so-called "agreement." The evidence fails to disclose if all, or what proportion, of the creditors were protected by the agreement and to what extent. There is an intimation in the record that the stockholders of the new corporation are the same as those of the old corporation; that these stockholders were the creditors of the old corporation; and that the new corporation was formed for the purpose of taking care of these creditor-stockholders. But there is no clear evidence to substantiate these facts. Who the creditors were whose claims were assumed and subsequently paid, is left in uncertainty.

The plaintiff contends that it is entitled to combine the actual cost of the assets at the receiver's sale and the liabilities under the agreement with the agent of the creditors so that its books will reflect the actual outlay of the two amounts and not solely the amount of the purchase price at the receiver's sale.

There is no question that the plaintiff would have been entitled to have included the debts assumed, if this assumption had been a part of the consideration of the purchase price at the receiver's sale. It would have then been a capital and not a business expense, as held in Athol Manufacturing Company v. Commissioner (C. C. A.) 54 F.(2d) 230, and as the Board of Tax Appeals has repeatedly held. Randolph Bergfeld, 19 B. T. A. 312, and Consolidated Coke Co., 25 B. T. A. 345. But the instant case is outside the rule laid down in these decisions. The agreement was no part of the purchase price of the assets of the old corporation.

The Commissioner of Internal Revenue made an audit of plaintiff's books for the purpose of ascertaining plaintiff's tax liability and decided $60,000 was the true capital expenditure, and on this amount assessed the tax. The rule is elementary that in tax proceedings a determination of the Commissioner is prima facie correct, and the burden is upon the plaintiff to overcome this presumption by the greater weight of the evidence. Wickwire v. Reinecke, 275 U. S. 101, 48 S. Ct. 43, 72 L. Ed. 184.

The evidence in this case fails to sustain the burden and, on the contrary, lends support to the Commissioner's decision. It is not necessary to discuss the other contentions of the plaintiff in detail. All of them are based on the capital set-up, and since we are clearly of the opinion that the amount found by the Commissioner should be affirmed, these contentions disappear from the case.

The petition should be dismissed. It is so ordered.