**MOORE v. UNITED STATES.**
No. 41864.

Court of Claims.
May 7, 1934.

848

Theodore B. Benson, of Washington, D. C., for plaintiff.

Joseph H. Sheppard, of Washington, D. C., and Frank J. Wideman, Asst. Atty. Gen. (Elizabeth B. Davis, of Washington, D. C., on the brief), for the United States.

Before BOOTH, Chief Justice, and GREEN, LITTLETON, WILLIAMS, and WHALEY, Judges.

WHALEY, Judge.

The plaintiff brings this suit to recover income taxes paid for the calendar years 1918, 1919, and 1920.

It appears that the plaintiff was engaged in a variety of business activities—making loans at a discount, dealing in real estate, stocks and bonds, and in promoting business enterprises. The nature of plaintiff's vocations and assorted avocations was of such character and color that he did not undertake to keep books reflecting clearly the actual income, whether on a cash receipt and disbursement or accrual basis. Some items were studiously entered which in no way reflected income or loss. Others were entered without any attempt to show accruals. Accruals of rent were sometimes entered as cash and stocks of corporations taken in payment of promotion fees were entered without any present value. Large bonuses received from the discount of notes were disregarded because the notes were slow in payment or were paid in installments in subsequent years.

The plaintiff filed his income tax returns for the years in question. The Commissioner of Internal Revenue caused three examinations to be made of the three years' returns made by the plaintiff, and as a result of these audits his taxes were greatly increased. It was discovered during the course of the audits that it was impossible to ascertain the income on a cash receipt and disbursement basis or on an accrual basis. The books were not kept on either basis but on a combination of both. Although every attempt was made by the revenue agents to analyze each item so it could be definitely placed in the cash receipt and disbursement class, nevertheless, after most painstaking efforts, it was found impossible to arrive at the net income under this method. It was the duty of the plaintiff to keep his books according to some method of accounting which would truly reflect his actual income. The Commissioner had to take the books as he found them.

Section 212 (b) of the Revenue Act of 1918 (40 Stat. 1064) provides: "The net in-

come shall be computed * * * in accordance with the method of accounting regularly employed in keeping the books of such taxpayer; but if no such method of accounting has been so employed, or if the method employed does not clearly reflect the income, the computation shall be made upon such basis and in such manner as in the opinion of the Commissioner does clearly reflect the income. * * * ”

An examination of the books of the plaintiff, which have been placed in evidence, conclusively shows that no particular method of accounting was regularly employed which would clearly reflect the income.

The Commissioner assessed additional taxes for the years in question; payment was made by the plaintiff; refund claims were filed and duly rejected.

■ In a suit to recover income taxes illegally collected, the burden of proof is on the plaintiff to show by the preponderance of the evidence that the decision of the Commissioner is incorrect and should be reversed by the court. The decision of the Commissioner stands unless the plaintiff can sustain this burden. Johnson Motor Co. v. United States (Ct. Cl.) 6 F. Supp. 122, decided March 5, 1934.

■ The evidence of the plaintiff has been most carefully considered, and it totally fails to impress the court with its weight or accuracy. Its whole tenor is merely to throw doubt on certain items which have been included by the Commissioner as income and to give rise to an inference that certain other items should have been excluded as losses. There is a significant lack of effort to clear the chaos in which these books exist so that a definite, clear, unmistakable income can be established upon which to place the tax. The state of the record is such that the court is unable to say what plaintiff's taxable income was, and it may reasonably be inferred that plaintiff is now unable to establish it.

There is lacking any evidence which brings a conviction that the Commissioner is in error in deciding that plaintiff's income is what he determined it to be for tax purposes. We have here a case where the true income cannot be determined in any satisfying way except by the setting up of an entirely new set of books for the taxable years in question. Plaintiff had no voucher system, and memoranda used as authority for bookkeeping entries have been destroyed. It is apparent that a reliable set of books is now practically impossible to establish.

Plaintiff has failed to overcome the presumption that the Commissioner's determination is to be taken as correct, and, in our opinion, his decision should be sustained.

The petition is dismissed. It is so ordered.

BOOTH, Chief Justice, and WILLIAMS, LITTLETON, and GREEN, Judges, concur.