**ROCKFORD PAPER MILLS v. UNITED STATES.**

No. L–204.

Court of Claims.

Nov. 9, 1936.

on June 2, 1924. The Revenue Act of 1924 was approved at 4:01 p. m. on June 2d of that year, and attention is called to the rule applied in some cases that a statute made effective upon enactment is operative in point of time as to all acts and events occurring at any time on the day of enactment, and many cases are cited where this rule has been applied. We need not consider these cases for the reason that in the case of Bristol Mfg. Corporation v. United States, 2 F.Supp. 781, 77 Ct.Cl. 182, 190, we held that this rule did not apply in cases where the exact time was shown when a legislative act went into force.

The testimony with reference to the time when the Commissioner signed the schedule of refunds and credits is general, vague, and indefinite. It is not possible from the evidence to fix with certainty the hour when the schedule was signed. On the other hand the surrounding circumstances are such there is a strong probability that the signature of the Commissioner was affixed to the schedule prior to 4:01 p. m. There are some authorities that hold, in effect, that the weight of the probabilities may be sufficient to establish a preponderance of the evidence, but we think it is not necessary to so hold in this case.

Allen H. Gardner, of Washington, D. C. (Morris, Kix-Miller & Baar, of Washington, D. C., on the brief), for plaintiff.

John A. Rees, of Washington, D. C., and Robert H. Jackson, Asst. Atty. Gen., for the United States.

Before BOOTH, Chief Justice, and GREEN, LITTLETON, WILLIAMS, and WHALEY, Judges.

GREEN, Judge.

This is a suit begun to recover interest claimed to be due on an overassessment in addition to the sum allowed and paid plaintiff by the Commissioner of Internal Revenue.

It is conceded that the sum allowed and paid was correct if the allowance of interest was governed by the Revenue Act of 1921 in accordance with which the Commissioner acted, but it is contended by the plaintiff that interest should have been computed under the provisions of section 1019 of the Revenue Act of 1924 (26 U.S.C.A. § 1671 note) and this issue turns on the determination of the question of whether the schedule of refunds and credits which fixed the amount of interest was signed by the Commissioner of Internal Revenue before or after 4:01 p. m.

It is a familiar rule that the determination of the Commissioner of Internal Revenue is prima facie correct. Johnson Motor Co. v. United States, 6 F.Supp. 122, 79 Ct.Cl. 151, 159. It could be correct, however, in this case only in the event the Commissioner signed the schedule before the act of 1924 went into effect. We think the fact that he made the allowance of interest under the 1921 act was presumptive evidence that he acted before it expired. In Stearns Co. v. United States, 291 U.S. 54, 63, 54 S.Ct. 325, 328, 78 L.Ed. 647, it is said: "Acts done by a public officer 'which presuppose the existence of other acts to make them legally operative, are presumptive proofs of the latter.'" Citing a number of cases together with Wigmore on Evidence, Vol. 5, § 2524.

This presumption, of course could be rebutted by any evidence, however slight, but, as stated above, the surrounding circumstances, if they have any probative force, tend to show that the Commissioner's action was prior to the hour when the 1924 act went into effect. We

think the presumption was in favor of the Commissioner's action, and if we are correct in this it is clear that the evidence does not rebut this presumption, and plaintiff's case must fail.

█ It is suggested that as the defendant could have kept a record which would have shown definitely the time when the schedule was signed, its failure so to do casts upon it the burden of proof. This contention is based on the rule that where it appears that one party to a cause of action is in possession of evidence which would determine a disputed fact in the case and fails to produce it, a presumption arises against him upon that fact. In the instant case the defendant had in its possession no evidence beyond that which was given on the trial with reference to the disputed fact and we do not think the rule is ever carried so far as to make the nonexistence of evidence in relation to a matter ordinarily immaterial raise a presumption which would change the burden of proof.

It follows that plaintiff's petition must be dismissed, and it is so ordered.