**CALDWELL v. UNITED STATES.**

No. 3837.

District Court, M. D. Pennsylvania.

Dec. 1, 1939.

Theodore B. Benson, and Charles E. Foster, Jr., both of Washington, D. C., and John G. Candor, of Williamsport, Pa., for plaintiff.

Frederick V. Follmer, of Scranton, Pa., and Andrew D. Sharpe and Leon F. Cooper, Spec. Assts. to Atty. Gen., for the government.

WATSON, District Judge.

This action was brought by the Plaintiff to recover an alleged overassessment of tax upon his income for the year 1929. Claim for refund was filed with the Commissioner of Internal Revenue and was disallowed. At the time of trial stipulations of the facts of the case were filed, and no other evidence was received or offered. The case is now before the Court for determination.

The Court finds the facts to be as follows:

The Plaintiff, a resident of Williamsport, Pennsylvania, and three other individuals, owned and held all of the outstanding capital stock of the Winner-Franck Baking Company, a Pennsylvania corporation organized in 1916. There were 50 shares of this stock held by the Plaintiff and 50 shares held by each of the other three, Joseph W. Franck, Howard G. Fessler, and Daniel P. Winner. Mr. Winner died in 1927 and Mr. Fessler died in 1929. The 50 shares of stock owned by the Plaintiff cost him $5,000.

Early in the year 1929, the stockholders of the Winner-Franck Baking Company, including the Plaintiff, entered into a written agreement to sell all of the stock of the Winner-Franck Baking Company; 200 shares to one Lynn R. MacLachlan for $385,000, of which $200,000 was to be paid in cash at the time the transaction was closed, and the remaining $185,000 was to be represented by an interest bearing first mortgage secured by the assets of the Baking Company. This agreement was signed by the holders of the shares and by MacLachlan, and was in the form of an option to MacLachlan for a period of six months.

Thereupon MacLachlan organized a new Pennsylvania corporation, which was called "Winner-Franck Holding Company", with an authorized capital of $300,000 consisting of 12,000 shares of common stock of the par value of $25 each. The capital stock of this new company was offered to the general public by MacLachlan for subscription at par to the extent of $265,000.

The 200 shares of Winner-Franck Baking Company stock were transferred by the Plaintiff, and the other holders thereof, to MacLachlan who transferred, or had transferred, to each of the three of his associates one share thereof for qualifying purposes. The Plaintiff and Mr. Franck, the surviving original stockholders, who were officers and directors of the Baking Company, resigned and MacLachlan and his associates became the officers and directors of the Baking Company.

Some time prior to May 29, 1929, the new corporation, Winner-Franck Holding Company, entered into agreements with MacLachlan whereby the new corporation was to acquire all of the properties and assets of the Winner-Franck Baking Company from MacLachlan. On that date, at a meeting of the incorporators of the Winner-Franck Holding Company, the agreements with MacLachlan were referred to, and authorization by proper resolutions was given for carrying them into effect. The agreements provided that the Holding Company was to purchase the real estate of the Baking Company for $185,000, in payment of which the Holding Company was to give the Baking Company a first mortgage in that amount secured by the real estate and equipment of the Baking Company, and that all of the remaining equities and assets of the Baking Company were to be acquired by the Holding Company for $250,000 to be paid in cash, or in the stock of the Holding Company at its par value, or partly in cash and partly in said stock at its par value. Upon the same day the Board of Directors of the Holding Company met and ratified the action taken by the incorporators, as stated above.

On June 6, 1929, the stockholders of the Baking Company, by proper resolution, agreed to sell its real estate and equipment to the Holding Company for $185,000, and to accept in payment an interest bearing first mortgage for $185,000 secured by the real estate and equipment. On the same day the Board of Directors of the Baking Company also met and, by proper resolution, authorized the proper officers to execute a deed for the said real estate and equipment.

On September 4, 1929, Lynn R. MacLachlan, Leo J. Jones, D. L. Davis, and Thomas Wood, owned and held all of the outstanding stock of the Winner-Franck Baking Company. On that date, at a meeting of the stockholders, the Winner-Franck Baking Company declared a liquidating dividend of all of the assets of the Company. MacLachlan called the attention of the meeting to the fact that, in accordance with specific agreements theretofore entered into, the real estate, buildings and plant of the Baking Company had been deeded to Winner-Franck Holding Company for $185,000, and explained that the liquidating dividend resolution referred to would apply only to the remaining assets of the Baking Company. The assets of the Baking Company covered by the liquidating dividend declaration just mentioned consisted of an account due the Baking Company from Good City Mills Company collectible in the sum of $35,000 and a trust fund belonging to the Baking Company in the Susquehanna Trust Company amounting to $23,000.

The agreement between the stockholders of the Baking Company and MacLachlan provided that the stockholders should receive for their stock $385,000. Nevertheless, the stockholders did accept for their stock $355,957.88. They received $94,707.88 in cash, first mortgage bonds of the Winner-Franck Holding Company, secured by the real estate and equipment originally belonging to the Baking Company for $185,000, and assignment of the account against Good City Mills Company admittedly collectible in the sum of $35,000; assignment of the trust fund held by the Susquehanna Trust Company amounting to $23,000; a note of the Winner-Franck Holding Company for $4,500; and 550 shares of the capital stock of the Winner-Franck Holding Company, accepted at its par value of $13,750. All of the before mentioned bonds, cash, and other property were delivered to the Plaintiff and the other stockholders of the Baking Company.

The consideration thus received by the Plaintiff and the other stockholders of the Baking Company was divided among them in such a way that the Plaintiff received cash $17,989.47; portion of the Good City Mills Company account $8,750; portion of the trust fund in the Susquehanna Trust Company, $5,754.59; 230 shares of the capital stock of the Winner-Franck Holding Company, at its par value, $5,750; notes of the Winner-Franck Holding Company, $4,500; and first mortgage bonds of the Winner-Franck Holding Company, $46,250. The total consideration received by the Plaintiff for 50 shares of the Winner-Franck Baking Company stock which he

sold was $88,994.06, all of which he received in the year 1929.

The Plaintiff incurred expenses in connection with the sale of his stock amounting to not more than $6,343.83.

All payments made to the Plaintiff for his stock in the Baking Company were in fact made by MacLachlan, or in his behalf, in discharge of MacLachlan's obligation to the Plaintiff.

There is nothing in the stipulated facts from which it can be found that the Baking Company was a party to any "plan of reorganization" at the time Plaintiff owned stock in the Baking Company.

There is nothing in the stipulated facts from which it can be found that a "plan of reorganization" existed in the mind of the Plaintiff at the time the option contract with MacLachlan was entered into.

There is nothing in the stipulated facts from which it can be found that MacLachlan ever assigned any of his rights under the option agreement to the Holding Company, or to any other company, or to any individual.

After acquiring all the stock of the Baking Company, MacLachlan contracted a sale of all of the assets of the Baking Company to the Holding Company for $50,000 more than he had agreed to pay for all the stock of the Baking Company.

The initial payment made by MacLachlan to the Plaintiff for the stock of the Baking Company was in excess of 40% of the selling price.

On or about March 15, 1930, the Plaintiff filed his income tax return for the year 1929, in which he reported the sale of his 50 shares of capital stock of Winner-Franck Baking Company as "an installment sale". In his return for 1929, he reported a taxable profit in the transaction in 1929 as $35,132. The net income from this and all other sources reported in his 1929 return was $42,758.08, and he reported tax due in the sum of $3,388.82, which the Commissioner duly assessed, and Plaintiff paid.

Upon audit of the Plaintiff's return for 1929, the Commissioner of Internal Revenue held that the transaction involving the sale of the 50 shares of Winner-Franck Baking Company stock was not an installment sale, and that all of the profits therefrom were taxable in the year 1929. Accordingly, in April, 1931, the Commissioner assessed the Plaintiff additional income taxes for 1929 in the sum of $6,320.57, together with interest thereon of $368.36. The Plaintiff paid this additional assessment on or about May 9, 1931. In determining the profit to the Plaintiff in the transaction referred to, and assessing the additional income tax, the Commissioner excluded from the amount of the consideration received by the Plaintiff the sum of $5,750, representing the value of the 230 shares of the capital stock of the Winner-Franck Holding Company which was delivered to him. The Plaintiff accepted these shares as being worth at the time he received them, $5,750, which is the amount they were worth when they were delivered to the Plaintiff. The Commissioner allowed the Plaintiff a deduction for the expenses of the sale, $6,343.83, and determined the Plaintiff's profit on a basis of $5,000 costs. Thus determined, the Commissioner assessed the Plaintiff, and the Plaintiff paid taxes on a profit of $71,900.23. The Plaintiff realized actually a profit of $77,650.23 from the sale of the stock in question.

On or about January 21, 1932, the Plaintiff filed a claim for refund of 1929 income taxes in the sum of $6,711.09, in which two grounds for recovery are alleged, namely:

"1. That the transaction involving the disposition by him of the 50 shares of Winner-Franck Baking Company stock was a non-taxable reorganization.

"2. That if the transaction, aforesaid, was a sale at all, the plaintiff was entitled to report the profits therein upon the installment sales basis."

Thereafter, on or about September 14, 1934, the Plaintiff filed a second claim for refund of 1929 income taxes in the sum of $9,709.39. This later claim was entitled "Amended claim for Refund", and the alleged grounds for recovery stated therein were those alleged in the former claim, and, in addition thereto, the further contention that the bonds of the Winner-Franck Holding Company which he got were not worth $46,250, but considerably less than that. The Plaintiff, however, has stipulated that, regardless of the merits of this last mentioned contention, he may not recover any portion of the income taxes sued for based thereon inasmuch as the second claim was not filed within the statutory limitation period of two years after payment of the taxes sought to be recovered, and the later claim, it is now admitted, cannot be considered an amendment of the prior claim.

After consideration of the Plaintiff's refund claim, the Commissioner issued a cer-

tificate of overassessment of 1929 income taxes in the sum of $729.90 and $42.54 interest thereon, as a result of certain minor adjustments which are not of importance in the present action and this overassessment and interest was either credited or refunded to the Plaintiff.

On November 14, 1935, the Commissioner, by letter, advised the Plaintiff that these claims for refund aforesaid were disallowed as to all portions thereof not allowed by the certificate of overassessment referred to. This action was filed within time following this disallowance.

■ The statutes relied upon by the Plaintiff are in the nature of exemption statutes. If the Plaintiff is entitled to the benefits of them, it is incumbent upon him to establish every fact necessary to show that he comes within their provisions. The burden of proving his right to the refund claimed is upon the plaintiff. Burnet v. Houston, 283 U.S. 223, 51 S.Ct. 413, 75 L. Ed. 991; Moore v. United States, Ct. Cl., 6 F.Supp. 847; Johnson Motor Co. v. United States, Ct. Cl., 6 F.Supp. 122. The stipulation of agreed facts is all the evidence that is before the Court.

■ It would be impossible to sustain Plaintiff's contention unless the Court draws inferences from the facts provided by the stipulation. While inferences properly may be drawn from admitted or proven facts, some of the inferences which the Plaintiff would have the Court draw from the stipulated facts and which are vital to the position he has taken in the case, cannot reasonably be drawn therefrom. No inference of the existence of any "plan of reorganization" can be drawn properly from the stipulated facts, and any permissible inferences therefrom are that no such "plan" existed in the minds of anybody save possibly MacLachlan. In my opinion, the very first requirement of the statutes relied upon by the Plaintiff that there be a "plan of reorganization" was not established.

While the option agreement gave to MacLachlan the right to assign his rights to a corporation to be formed, the stipulated facts do not show that there ever was an assignment by MacLachlan. There are stipulated facts which compel the conclusion that MacLachlan did not assign his rights under this agreement to the Holding Company. MacLachlan had promised to pay the Plaintiff and other stockholders of the Baking Company $385,000 for their stock,

of which $200,000 was to be paid in cash at the time the transaction was closed, and the balance of $185,000 was to be secured by a first mortgage on the Baking Company's assets. By agreement, MacLachlan committed himself unconditionally to deliver to the new corporation all of the assets of the Baking Company. Such commitment was possible only because MacLachlan knew either that he had acquired all of the stock of the Baking Company from the Plaintiff, and the other stockholders of the Baking Company under his option contract, or he could do so at his pleasure. MacLachlan, being the only stockholder of the Baking Company, acquired all its assets. He then contracted to sell to the new corporation for $435,000; $250,000 of which was to be paid to him in cash or by stock of the new corporation, or partly by cash and partly by stock, the same property which he had a contract to purchase from the Plaintiff and the other stockholders of the Baking Company for $385,000, thus making a profit of $50,000 for himself. The agreed facts showed the deliberate purpose of MacLachlan not to assign his contract to the new corporation, but to resell under a separate contract between the Holding Company and him. It was just a sale of stock by four individuals to another individual. The parties at the time so regarded it and the Plaintiff, when he filed his income tax return in March 1930, reported it as a "sale on the installment basis." And it was not until January 1932, and after the Commissioner of Internal Revenue had held that the sale was not an "installment sale" that he evolved his "non-taxable reorganization" theory of the transaction.

The Plaintiff has failed to meet the burden which was upon him to show that the transaction here involved was a "non-taxable reorganization." He has shown no "plan of reorganization" at all. If a reorganization took place between the Baking Company and the Holding Company, which is doubtful, it occurred after the beneficial, if not the legal, ownership of the Baking Company's stock had passed to MacLachlan. Neither the Plaintiff nor MacLachlan ever intended or understood that the Plaintiff should be interested in any manner whatever in the new corporation. MacLachlan, the Plaintiff, and the others intended the transaction to be a sale of stock of the Baking Company from the Plaintiff and the other stockholders to

MacLachlan. The Plaintiff received money, or money's worth, for the stock he sold; therefore, he was taxable upon his profit.

■ As to the contention of Plaintiff that he should be allowed to report the profits from the sale upon the "installment basis", the initial payment was in excess of 40% of the selling price. It was, therefore, not an "installment sale" under the Act, and the Plaintiff should not be allowed to report it as such.

Upon the facts as found, the Court makes the following conclusions of law:

Determination of Commissioner of Internal Revenue is prima facie correct, and burden was on the Plaintiff suing for refund to overcome presumption by greater weight of the evidence. The Plaintiff failed to meet this burden.

The transaction in 1929, whereby the Plaintiff transferred 50 shares of the capital stock of the Winner-Franck Baking Company to Lynn R. MacLachlan for a consideration, which the Plaintiff received in money or moneys worth, was not a part of any plan of corporate reorganization in which the Plaintiff was or could be interested and, therefore, the "non-taxable reorganization" provisions of the Revenue Act of 1928 are not applicable, and the transaction is subject to taxing as a sale or exchange of the said stock.

The transaction in 1929, whereby the Plaintiff transferred 50 shares of the capital stock of the Winner-Franck Baking Company to Lynn R. MacLachlan for a consideration, which the Plaintiff received in money or moneys worth, in 1929 was a closed and completed transaction in the year 1929, and, therefore, the profit realized by the Plaintiff therefrom was taxable as income for the year 1929.

The transaction in 1929, whereby the Plaintiff sold 50 shares of Winner-Franck Baking Company stock to Lynn R. MacLachlan for a consideration in money, or moneys, worth, all of which the Plaintiff received in 1929, was not "an installment sale" within the meaning of Section 44 of the Revenue Act of 1928, 26 U.S.C.A. § 44, and should not be taxed as "an installment sale".

The Commissioner of Internal Revenue correctly determined the Plaintiff's taxable net income for the year 1929 and the income taxes which have been assessed against and paid by the Plaintiff for the year 1929 were lawfully assessed and legally collected.

The Plaintiff is not entitled under the law to the recovery of the income taxes for the year 1929 sued for in this action and, therefore, the Plaintiff's petition and the alleged cause of action stated therein must be dismissed, with costs against the Plaintiff.

The transaction in 1929, whereby the Plaintiff transferred 50 shares of the capital stock of the Winner-Franck Baking Company to Lynn R. MacLachlan for a consideration, which the Plaintiff received in money or moneys worth, was a sale or exchange by the Plaintiff which was taxable under the Revenue Act of 1928.

Now, December 1, 1939, Plaintiff's petition is dismissed, and judgment is directed to be entered for the Defendant, with costs.