## McCLURE v. UNITED STATES.

### No. 45240.

Court of Claims.

Feb. 1, 1943.

532

J. H. Ward Hinkson, of Chester, Pa., for plaintiff.

J. H. Sheppard, of Washington, D. C., and Samuel O. Clark, Jr., Asst. Atty. Gen. (Robert N. Anderson and Fred K. Dyar, both of Washington, D. C., on the brief), for defendant.

Before WHALEY, C. J., and MADDEN, JONES, LITTLETON and WHITAKER, JJ.

WHITAKER, Judge.

The plaintiff sues to recover $76,998.90 internal-revenue taxes on distilled spirits alleged to have been imported between March 1929 and January 1931, and interest thereon. These taxes were assessed by the Commissioner of Internal Revenue on the September 1938 Supplemental List. Notice of the assessment and demand for the payment of the tax was served on the plaintiff on November 8, 1938. The taxes were paid under protest on November 18, 1938. Claim for refund accompanied the payment. This claim, as amended, was based upon the allegation that the claimant had not imported the distilled spirits as alleged and, further, that the assessment had been made after liability for the taxes had been barred by the statute of limitations. The claim was rejected on October 23, 1940, after this suit had been filed on September 5, 1940.

At the hearing before a commissioner of this court the parties stipulated all the foregoing facts. The plaintiff took the stand and testified only that he had not made an assignment of the claim. He was not cross-examined.

The parties then further stipulated as follows:

In plaintiff's exhibit A, which constitutes two forms of notice and demand from the Collector of Internal Revenue upon the plaintiff, which I believe were offered as plaintiff's exhibit No. 1, in the lower right-hand corner of exhibit A, there appears in typewriting the following:

"Tax on 57,099 Gals. DS. Imported & Dvt, March 1929–to Jan. 1931 (Fraud)."

Counsel agree, and stipulate that that notation refers to the assessment made by the Commissioner in September 1938 and refers to an assessment of tax on 57,099 gallons of distilled spirits imported and diverted, between the period March 1929 to January 1931, and that the assessment was made under a charge of fraud.

The notation on the notice and demand marked exhibit B, which is included in plaintiff's exhibit No. 1, in the lower right-hand corner, reads:

"Tax on 12,900 Gals. DS Imported & Dvt. 10/20–30 & 11/12/–30 (Fraud)."

Counsel agree and stipulate that that notation means that the tax which was assessed in September 1938, was a tax on 12,900 gallons of distilled spirits imported and diverted on October 29, 1930, and November 12, 1930, and that the assessment was made on a fraud charge.

&#42;    &#42;    &#42;    &#42;    &#42;

We are simply agreeing that the assessments, of which there were two, were made on the Commissioner's determination that the gallonage referred to was imported and diverted in the period or on the dates shown.

&#42;    &#42;    &#42;    &#42;    &#42;

Whereupon both parties closed their proof.

The plaintiff says he is entitled to recover because the assessment was made, admittedly, after liability for the taxes had been barred by the statute of limitations. Sec. 1109(a), Rev.Act of 1926, as amended by Sec. 619(a), Rev.Act of 1928, 45 Stat. 791, 878, Int.Rev.Code, sec. 3312, 26 U.S.C.A. Int.Rev.Code, § 3312. The defendant replies that the statute of limitations does not apply where there has been a fraudulent attempt to evade payment of the tax, that this assessment was made under a charge of fraud and, therefore, was legally made. The plaintiff replies that he has denied the fraud, that fraud is never presumed and that, therefore, the burden was on the Commissioner of Internal Revenue to prove it, and that he has done nothing to carry this burden. The defendant relies on the presumptive validity of the assessment of the Commissioner of Internal Revenue.

<span style="background:black">███</span> It is true that an assessment is presumed to be correct, and that the facts found by the Commissioner to support the assessment are presumed to be correct. Niles Bement Pond Co. v. United States, 281 U.S. 357, 361, 50 S.Ct. 251, 74 L.Ed. 901; Helvering v. Taylor, 293 U.S. 507, 55 S.Ct. 287, 79 L.Ed. 623; Johnson Motor Co. v. United States, 6 F.Supp. 122, Ct.Cl. 151, 159; Bushman v. United States, 79 F.Supp. 694, 80 Ct.Cl. 175; Id., 295 U. S. 756, 55 S.Ct. 913, 79 L.Ed. 1699; American Propeller Co. v. United States, 17 F.Supp. 215, 83 Ct.Cl. 100, 132; Mauch v. Commissioner, 35 B.T.A. 617, 628; McCarl v. United States ex rel. Leland, 59 App.D.C. 362, 42 F.2d 346; Jemison v. Commissioner, 5 Cir., 45 F.2d 4; Griffiths v. Commissioner, 7 Cir., 50 F.2d 782. It is also true that fraud will not be presumed. Vitelli & Son v. United States, 250 U.S. 355, 39 S.Ct. 544, 63 L.Ed. 1028; Duffin v. Lucas, 6 Cir., 55 F.2d 786; Jemison v. Commissioner, 5 Cir., 45 F.2d 4, 5; Griffiths v. Commissioner, 7 Cir., 50 F.2d 782. But it is the duty of the court to draw from the facts proven all reasonable inferences, and where no reasonable inference can be drawn from the facts found or admitted other than that fraud has been committed or attempted, it is sufficiently established. In Tucker's Lessee v. Moreland, 10 Pet. 58, 78, 9 L.Ed. 345, Mr. Justice Story, speaking for the court, said: "Fraud is not presumed, either as a matter of law or fact, unless under circumstances not fairly susceptible of any other interpretation."

See also Sioux City v. Western Asphalt Paving Corp., 223 Iowa 279, 271 N.W. 624, 109 A.L.R. 608; Peterson v. Wahlquist, 125 Neb. 247, 249 N.W. 678, 89 A. L.R. 747, and 24 Am.Jur., pp. 89 et seq. California Law Review, Vol. 31, p. 112.

It is to be regretted that neither side saw fit to introduce the testimony of wit-

nesses then admittedly available; but they did not and we must decide the case on the evidence they have presented to us. What is that evidence?

First, that the plaintiff imported in one period 57,099 gallons of distilled spirits, and in another 12,900 gallons. This is proven by the finding of the Commissioner of Internal Revenue. The parties stipulated: "the assessments * * * were made on the Commissioner's determination that the gallonage referred to was imported and diverted in the period or on the dates shown."

■ This finding is presumptively correct, and the plaintiff, we think, has offered no testimony that rebuts it. He says he has produced such proof by the allegation in his claim for refund that he had not imported it, which claim, he says, was received in evidence without restriction and, therefore, must be considered as evidence on the question of importation.

The refund claim is in evidence by stipulation of the parties. They stipulated:

Fourth, that the payment as aforesaid was accompanied by a letter of protest and by claim for refund on Form 843.

Fifth, that amended claims for refund of the tax so paid were thereafter filed with the Collector of Internal Revenue on December 5, 1938, and on December 13, 1938, respectively.

Sixth, that the finally amended claim for refund as filed on December 13, 1938, may be received in evidence.

And I submit a copy of the claim for refund as so finally amended and filed and ask that the same be received in evidence as plaintiff's exhibit No. 2.

The Commissioner. It will be received.

After agreeing on this stipulation the plaintiff was called to the stand. He was not asked to reaffirm the statements made in the claim and did not do so, nor in any other way did he testify whether or not he had imported the distilled spirits, as the Commissioner of Internal Revenue had alleged.

Under these circumstances we cannot consider the allegations of the refund claim as evidence of the facts therein recited. Defendant's attorney should have made it plain that he was agreeing on its receipt in evidence only as proof of the fact that such a claim had been filed, but not as evidence of the facts therein alleged; but, even though he did not do so, it is not to be implied that he agreed that its allegations might be so treated, since the plaintiff who had made the allegations was in court ready to testify.

■ Unless defendant's attorney did so agree, the refund claim is not evidence of the facts therein alleged. It was an ex parte affidavit made without opportunity for cross-examination. It is elementary that such a document rarely, if ever, is admissible to prove the facts therein recited.

When plaintiff took the stand in this case, and thus subjected himself to cross-examination, he did not reaffirm these statements in his direct examination. Plaintiff having failed to offer any proof on the question of importation, there was no duty on defendant's attorney to cross-examine him in reference thereto.

■ On the proof submitted we must, therefore, take it as true that the plaintiff did import the distilled spirits as found by the Commissioner of Internal Revenue.

The importation was a criminal offense and, of course, was not reported for taxation. If it had been reported the plaintiff would have subjected himself to criminal prosecution. Section 2 of the Act of November 23, 1921, 42 Stat. 222, 27 U.S.C.A. § 56, which was a supplement to the National Prohibition Act, provides in part: "No spirituous liquor shall be imported into the United States, nor shall any permit be granted authorizing the manufacture of any spirituous liquor, save alcohol, until the amount of such liquor now in distilleries or other bonded warehouses shall have been reduced to a quantity that in the opinion of the commissioner will, with liquor that may thereafter be manufactured and imported, be sufficient to supply the current need thereafter for all nonbeverage uses."

While the Act permitted importations under certain circumstances, the regulations of the Commissioner of Internal Revenue prohibited it, since, in his opinion, the statutory condition permitting the importation had not come about. Section 1631 of Regulations 60 of the Treasury Department, revised March 1924, forbade the importation of distilled spirits, as did also section 2010 of Regulations No. 2 of the Bureau of Prohibition of the Treasury Department. It was not until the promulgation on April 1, 1931 of Regulations No.

2 of the Bureau of Industrial Alcohol of the Treasury Department that importations were allowed under any circumstances. Section 2009 of these regulations provided for the issuance of a permit for importations upon the payment of the tax levied thereon. But this was after the importations in question; nor did plaintiff secure a permit for the importation.

Whether imported legally or illegally, a minimum internal revenue tax of $1.10 per gallon was due to be paid, or a tax of $6.40 per gallon if diverted for beverage purposes. Sec. 900, Rev.Act of 1926, c. 27, 44 Stat. 9, 104, 26 U.S.C.A. Int.Rev.Acts, page 302; and sec. 35 of the National Prohibition Act, c. 85, 41 Stat. 305, 317, 27 U.S.C.A. § 52; United States v. One Ford Coupe, 272 U.S. 321, 47 S. Ct. 154, 71 L.Ed. 279, 47 A.L.R. 1025. No such tax was paid. This is admitted by the plaintiff.

■ In the face of these facts can anyone doubt that the liquors were imported with intent to defraud the defendant of the revenue to which it was entitled? Given the fact of importation, a failure for more than seven years to report that importation and a nonpayment of the tax thereon for all that time and not until after assessment by the Commissioner of Internal Revenue, can any other reasonable inference be drawn than that the plaintiff did not intend to pay the tax, but intended to defraud the defendant thereof? We do not think so. Commercial Credit Corp. v. United States, 2 Cir., 18 F.2d 927, 929; United States v. One Oldsmobile Coupe, D.C., 22 F.2d 441; United States v. One White One-Ton Truck, D. C., 4 F.2d 413; United States v. One Cadillac Automobile, D.C., 292 F. 773. This being the only reasonable inference to be drawn from the proven facts, fraud has been sufficiently shown.

■ It remains only to consider defendant's counterclaim. The defendant says that the Commissioner of Internal Revenue not only found importation but also diversion, and, if diverted to beverage purposes the tax due was $6.40, instead of $1.10. It sues for the difference. However, we do not regard the Commissioner's finding of diversion as sufficient proof of this fact, because the Commissioner assessed, not the tax on diversion, but the nondiversion tax. His assessment and his finding were contradictory. One offsets the other. There is no other proof of diversion.

The allegations of the counterclaim have not been sufficiently proven, and defendant is not entitled to recover thereon.

Plaintiff's petition will be dismissed. It is so ordered.

WHALEY, C. J., and MADDEN, JONES and LITTLETON, JJ., concur.