## UNITED STATES v. KEHOE.
### Civ. No. 1045.

United States District Court
M. D. Pennsylvania.
Jan. 8, 1951.

Arthur A. Maguire, U.S. Atty., Scranton, Pa., B. H. Pester, Sp. Asst. to the Atty. Gen., for plaintiff.

Leo W. White, Wilkes-Barre, Pa., J. Earl Langan, Pittston, Pa., for defendant.

WATSON, Chief Judge.

This is a suit by the United States of America under Section 3744 of the Internal Revenue Code, 26 U.S.C.A. § 3744, against John Kehoe for taxes alleged to be due on 88,976½ barrels of beer, or $533,859.00, with penalty and interests as provided by law. The case was tried before the Court without a jury. After the Government rested its case, the taxpayer moved for dismissal on the ground that the Government had shown no right to relief. The Court reserved ruling on this motion. The taxpayer then rested with a renewal of its Motion to Dismiss, and the Court again reserved ruling.

Government's Exhibit No. 2 consisted of the deposition of Elizabeth A. Flemming, who was employed as a tax clerk in the Department of Justice, Unit on Taxes and Penalties in 1936, and Earl G. Grigsby, who was employed in 1936 as Chief of the Audit Division of the Alcohol Tax Unit in the Internal Revenue Bureau. Elizabeth Flemming testified in the deposition that in the course of her official duties she prepared a written memorandum concerning John Kehoe to show the basis for computation of taxes, using information collected by others. This written memorandum stated that on September 25, 1924, federal agents saw four freight cars being loaded at Kehoe's brewery with 436½ barrels of high-powered beer; that an investigation of the records of the Delaware, Lackawanna and Western Railroad Company shows that approximately 885 cars of so-called "cereal beverage" were shipped from Kehoe's brewery during the year 1925, each carload averaging about 100 barrels; and that on August 16, 1926, federal agents found 40 barrels of high-test beer ready for shipment and sale without labels in Kehoe's brewery. Earl Grigsby testified in the deposition that in the course of his official duties he supervised the mechanics of the preparation of assessment lists and assessment certificates, based on a written memorandum from the Tax and Penalty Unit of the Department of Justice. Photostatic copies, certified to be true and correct by officials of the United States Treasury Department, of the written memorandum, assessment list and assessment certificate in the case of John Kehoe were attached to the depositions.

Government's Exhibit No. 3 was an exemplified copy of the pleadings and the Opinion of the United States Board of Tax Appeals in the case of John Kehoe and Wife, Sarah Kehoe v. Commissioner of Internal Revenue, 34 B.T.A. 59. The decree of the United States Board of Tax Appeals was vacated by the United States Court of Appeals for the Third Circuit, on June 17, 1939, 105 F.2d 552; and the United States Supreme Court reversed the judgment of the Court of Appeals and affirmed the ruling of the Board of Tax Appeals on February 26, 1940, 309 U.S. 277, 60 S. Ct. 549, 84 L.Ed. 751. This action before

the Board of Tax Appeals involved the same parties or their privies, and therefore any findings of fact determined in that litigation are res judicata here. If a second case is on a different cause of action, a prior judgment or decree operates as an estoppel as to matters actually in issue or points controverted upon the determination of which the first judgment or decree was rendered. Baltimore S.S. Co. v. Phillips, 1926, 274 U.S. 316, 47 S.Ct. 600, 71 L.Ed. 1069.

From the opinion of the Board of Tax Appeals, it appears that John Kehoe, in the years 1924, 1925 and 1926 was the owner and operator of a brewery at Kingston, Pennsylvania, commonly known as Bartel's Brewery, but often referred to as the Patrick F. McGowan Brewery; that during the year 1924, Kehoe as owner and operator of said brewery shipped and sold four carloads of high-powered beer, as distinguished from near-beer; that during the year 1925, Kehoe as owner and operator of said brewery shipped and sold 885 carloads of high-powered beer, as distinguished from near-beer; that each carload contained approximately 100 barrels of beer; that Kehoe's near-beer business at said brewery was a front for the undercover manufacture and sale of the so-called high-powered beer; that the records kept at the brewery covered only the near-beer business, the proceeds of which were not sufficient to keep the brewery open; that the freight on the high-powered beer shipped by rail was in excess of the entire sales shown on the brewery books; and that the records kept at the brewery were incorrect, incomplete and fraudulent.

Under Section 608 of the Internal Revenue Act of 1918, 40 Stat. 1057, there was imposed on all beer, lager beer, ale, porter, and other similar fermented liquor containing one-half of one per centum, or more, of alcohol, brewed or manufactured and thereafter sold, or removed for consumption or sale, within the United States, by whatever name such liquor may be called, a tax of $6.00 for every barrel containing not more than 31 gallons and a tax at a like rate for any other quantity or for a fractional part of a barrel.

This assessment was on the 436½ barrels found loaded on freight cars in 1924, the 88,500 barrels approximated from the records of the railroad in 1925, and the 40 barrels found in the brewery in 1926, or 88,976½ barrels, which taxed at the rate of $6.00 per barrel totals $533,859.00. An assessment is presumed to be correct and the facts found by the Commissioner to support the assessment are presumed to be correct. McClure v. U.S., 1943, 48 F.Supp. 531, 98 Ct. Cl. 381, and cases cited therein. In this case the taxpayer presented no evidence and therefore did not rebut the presumption that the assessment was correct.

The Defendant in his Answer and in his Motion to Dismiss at the trial contends that the right of action set forth in the Complaint, including the determination, assessment and collection of the tax for which the action is brought is barred by the Statute of Limitations. The alleged failure to pay tax occurred in the years 1924, 1925 and 1926. Assessment of the tax was certified and the first notice thereof was sent on October 10, 1936. The suit was commenced October 2, 1942.

[4-7] In 26 U.S.C.A. § 3312 it is provided that all internal revenue taxes other than income, estate and gift taxes shall be assessed within four years after such taxes became due and that no proceeding in court without assessment for the collection of such taxes shall be begun after the expiration of five years after such taxes became due. It is further provided that in case of a willful attempt in any manner to defeat or evade tax, the tax may be assessed, or a proceeding in court for the collection of such tax may be begun without assessment, at any time. Clearly the findings of the United States Board of Tax Appeals, as affirmed by the United States Supreme Court, established that the taxpayer here willfully attempted to defeat and evade the tax by fraudulent means. Further it appears that the assessment was based on fraud, as noted by the word "fraud" which appears on the assessment list, and this presumption of correctness of the assessment was not rebutted by the taxpayer. It is true that fraud will not be presumed, but where no reasonable inference can be

drawn from the facts other than that fraud has been attempted, it is sufficiently established. McClure v. United States, supra. The Statute of Limitations on assessment and collection of taxes did not destroy the validity of this assessment, which was properly made and is not a bar to recovery in this suit.

Taxpayer's Motion to Dismiss prayed for during the trial should be denied and judgment should be entered in favor of the United States of America and against John Kehoe.

From the evidence the Court makes the following Findings of Fact:

1. During the years 1924, 1925, and 1926, John Kehoe was the real owner and operator of a brewery at Kingston, Pennsylvania, commonly known as Bartel's Brewery, but often referred to as the Patrick F. McGowan Brewery.

2. In 1924, John Kehoe as owner and operator of said brewery shipped and sold four carloads, or 436½ barrels, of high-powered beer, as distinguished from near-beer.

3. In 1925, John Kehoe as owner and operator of said brewery, shipped and sold 885 carloads, or approximately 88,500 barrels, of high-powered beer, as distinguished from near-beer.

4. In 1926, John Kehoe as owner and operator of said brewery had 40 barrels of high-powered beer, as distinguished from near-beer, in said brewery, ready for shipment and sale.

5. The 88,976½ barrels of beer referred to above contained one-half of one per centum, or more, of alcohol. No tax has been paid on any of the 88,976½ barrels of beer.

6. John Kehoe's near-beer business at said brewery was a front for the undercover manufacture and sale of the so-called high-powered beer. Records kept at the brewery covered only the near-beer business, the proceeds of which were not sufficient to keep the brewery open. The freight on the high-powered beer shipped by rail was in excess of the entire sales shown on the brewery books. The records kept at the brewery were incorrect, incomplete and fraudulent. In this manner John Kehoe attempted to evade the tax imposed on high-test beer under Section 608 of the Internal Revenue Act of 1918.

7. Tax of $6.00 per barrel on the 88,976½ barrels referred to above, or $533,859.00, was assessed against John Kehoe and first notice of the assessment was sent to John Kehoe on October 10, 1936. A second notice and demand for payment was sent on November 30, 1936, and a distress warrant was issued on December 12, 1936. The suit for collection of said taxes was commenced on October 2, 1942.

The Court makes the following Conclusions of Law:

1. During the years 1924, 1925, and 1926, John Kehoe willfully attempted to evade the tax imposed on beer containing one-half of one per centum, or more, of alcohol under Section 608 of the Internal Revenue Act of 1918 by using the near-beer business at his brewery as a front for the undercover manufacture of high-powered beer and by keeping records at said brewery which covered only the near beer business and were incorrect, incomplete and fraudulent. In such event the tax so imposed may be assessed or a proceeding in court for the collection of such tax may be begun without assessment at any time. 26 U.S.C.A. § 3312(c). The assessment made against John Kehoe in 1936 was not barred by the period of limitations upon assessment, and this suit commenced against John Kehoe in 1942 for the collection of said tax was not barred by the period of limitations upon collection.

2. John Kehoe is liable to the United States of America under Section 608 of the Internal Revenue Act of 1918 for taxes of $6.00 per barrel on 88,976½ barrels of beer, which contained one-half of one per centum, or more, of alcohol, totalling $533,859.00, together with penalty and interest provided by law.

A proposed order and decree to be submitted by the United States of America within 30 days from this date.