## VENDETTI v. UNITED STATES.
### No. 6159.

Circuit Court of Appeals, Ninth Circuit.
Nov. 24, 1930.

Charles H. Miller, of Seattle, Wash., for appellant.

Anthony Savage, U. S. Atty., and Cameron Sherwood, Asst. U. S. Atty., both of Seattle, Wash., and John T. McCutcheon and Joseph A. Mallery, Asst. U. S. Attys., both of Tacoma, Wash.

Before RUDKIN and WILBUR, Circuit Judges, and KERRIGAN, District Judge.

RUDKIN, Circuit Judge.

This is an appeal by one of several defendants from a judgment of conviction under an indictment charging, in different counts, conspiracy to violate the National Prohibition Act, numerous violations of that act, and prior convictions as to some of the defendants.

The first assignment of error is based on a ruling of the court excluding certain affidavits offered by the appellant. In the course of the trial, one of the prohibition agents was cross-examined at considerable length in respect to his relations with a number of young girls in the vicinity of Everett, Wash. Apparently the questions thus propounded were based on affidavits in the possession of counsel for the accused, and in the

course of the examination the witness declared that these affidavits had been repudiated by the parties by whom they were made. The affidavits were afterwards offered in evidence in rebuttal, with the result already stated. We know of no principle of law or rule of evidence that would justify the admission of such ex parte affidavits. In the first place, an unusual latitude was allowed in the cross-examination of the witness. State v. Belknap, 44 Wash. 605, 87 P. 934. But whether the course thus pursued was proper or improper we need not inquire, because all of the authorities agree that the answers of the witness to these collateral questions were binding on the appellant, and, even if they were not, no rule of law would justify the use of ex parte affidavits for the purpose of impeachment.

█ One of the defendants, other than the appellant, testified on cross-examination that they played poker and craps up there, and that there was also a slot machine. The record does not disclose what was meant by *up there*, nor does it appear that the appellant was in anywise connected with or implicated in the games in question. We fail to see, therefore, how he could have been prejudiced by the testimony complained of. Furthermore, nearly all the testimony went in without objection, and no exception was reserved to any ruling of the court.

██ Another assignment is based on statements made by the attorney for the government in the course of his argument to the jury. The attention of the court below was at no time directed to these statements and no ruling was invoked or made in regard thereto. Under such circumstances there is no question before us for review. Doubtless, statements by counsel may prove so prejudicial to the rights of a party as to necessitate the granting of a new trial, or a reversal on appeal; but the statements here complained of do not fall within that category. A simple instruction by the court to disregard the statements and an admonition to counsel would have amply protected the rights of the accused. It will not do to establish a practice under which counsel may sit idly by when improper remarks are made in the course of an argument and then raise an objection after verdict, when it is beyond the power of the court to correct the error without granting a new trial. As said by the court in Cudahy Packing Co. v. Skoumal (C. C. A.) 125 F. 470, 477:

"It goes without saying that a trial judge has the power, and is always at liberty, of his own motion, to reprimand counsel when they make use of language or indulge in a line of argument that is improper, unfair, or that is calculated to arouse the prejudices of jurors, or divert their attention to extraneous matters, or to issues that are foreign to the case, and no trial judge should hesitate for a moment to exercise such power, although his intervention is not solicited; but when remarks are made by counsel or arguments are advanced that are deemed to be so far improper and prejudicial to the interests of a party that his counsel resolves to assign them as grounds for reversal by an appellate tribunal, he should at least challenge the attention of the trial judge to the matter, and, if adequate relief is not afforded, should thereupon save an exception, and incorporate it in a bill of exceptions. This was not done in the present case, or at least the bill of exceptions does not show that it was done. The remark that is said to have been made by plaintiff's attorney on the trial of the case is subject to just criticism, and should not have been made. We entertain no doubt on this point, and feel free to condemn it. The trial court, in the exercise of its discretion, might have set aside the verdict and granted a new trial because of the language complained of. It did not see fit to do so, however, and its action in this respect indicates, we think, that, in the opinion of the trial judge, the remarks which were made did not prejudicially affect the rights of the defendant company. This court is in an entirely different situation. The judgment below is presumptively right, and we cannot disturb it except for error of law committed by the trial court, on account of which an exception was duly taken and saved during the progress of the trial. The record, so far as this court is concerned, discloses no such error, and the judgment below must accordingly be affirmed."

█ It is also assigned as error that the court refused to declare a mistrial because of a statement by the attorney for the government to the effect that the character of certain witnesses had never been attacked. The court denied the motion but instructed the jury that there was no testimony to support the statement of counsel and that they should disregard it. We think the statement of counsel, outside of the record, could work no harm, in view of the action taken by the court.

█ The appellant requested the court to instruct the jury that it is no part of the duty of a government agent to give whisky to any person, that if he did so he violated the law, and that they should take his confession of

such violation as an admitted fact and consider it in determining his credibility as a witness. If the instruction was not objectionable for any other reason, we deem it sufficient to say that it was not based on any testimony in the case, so far as the abbreviated record before us discloses.

The court was further requested to instruct the jury that a gambling house, or place where gambling is conducted, is not a nuisance within the purview of the National Prohibition Act. As an abstract proposition this request was correct, but the court explicitly instructed the jury that the place did not constitute a nuisance under the National Prohibition Act unless intoxicating liquor was there kept for barter or sale.

There is no error in the record, and the judgment is affirmed.