## UNITED STATES v. VOMERO.

### No. 41162.

District Court, E. D. New York.

Oct. 7, 1946.

J. Vincent Keogh, U. S. Atty., of New York City, and Hyman H. Goldstein, Asst. U. S. Atty., of Brooklyn, N.Y., for United States.

Leon Fischbein, of New York City, for defendant.

MOSCOWITZ, District Judge.

This motion is for an order to suppress for use as evidence some 400 grains of narcotics seized by the Government in the defendant's home without a search warrant.

A motion for return of property and to suppress evidence upon five enumerated grounds is provided for by Rule 41(e) of the new Federal Rules of Criminal Procedure. No formalities for making the motion are there specified. Rule 47, which is concerned with all criminal motions, provides that a motion "may" be supported by affidavit. It has been held that the word "may" was used advisedly by the framers of the new rules and that an affidavit is therefore permissible rather than mandatory, upon a motion to suppress where the defendant claims that the search and seizure was without a warrant and against his will. See United States v. Privinzini, S.D.N.Y., decided May 24, 1946, opinion recalled upon

276

reargument September 24, 1946, 6 F.Supp. 207, Mandelbaum, J. It was there recognized that the court had inherent power to direct that an affidavit be submitted whenever it was found to be helpful in determining the issue raised and one was directed to be produced.

 Where the motion is made upon the ground that the warrant is insufficient upon its face, as provided in subd. (e) (2) of Rule 41, it is conceivable that the furnishing of an affidavit by the defendant is permissive, inasmuch as the issue raised appears and may be determined upon the documents and papers alone before the court. But where the motion is predicated upon any of the other four grounds sanctioned by Rule 41, some evidence of probative value in affidavit form should be presented before a court is required to entertain the motion. When an order to suppress is sought because the property allegedly was illegally seized without a warrant, a motion unsupported by an affidavit setting forth the facts upon which the contention is based is insufficient and should be denied.

 The affidavits submitted upon this application by defendant and the narcotic agent who made the seizure differ widely in their versions of the facts surrounding the entry into defendant's dwelling. The factual issues will have to be determined after the taking of evidence. The motion is denied with leave to renew upon the trial.

Settle order on notice.