## UNITED STATES v. JACKSON.

### No. 6209-C.

United States District Court,
W. D. New York.

July 12, 1954.

John O. Henderson, U. S. Atty., Buffalo, N. Y., Robert P. Freedman, Asst. U. S. Atty., Buffalo, N. Y., for plaintiff.

Dean E. Higgins, Buffalo, N. Y., for defendant.

KNIGHT, Chief Judge.

Defendant served on the United States Attorney a notice of motion returnable at the U. S. Court House, Rochester, N. Y. on the 12th day of July, 1954, "for an order declaring unreasonable, illegal and void the search made in the above entitled action and that the containers of liquor taken from defendant were unlawfully seized and taken from defendant by the personnel of the Alcohol Tax Unit, whose names are unknown to your petitioner, and that the alcohol so taken be returned to the defendant and that it be suppressed as evidence against him in any criminal proceeding" and further "that the property was seized against his will and without a search warrant."

Thereupon the United States Attorney sought and obtained an order to show cause why the motion of defendant for suppression and return of evidence "should not be scheduled for argument at Buffalo, New York, on the 6th day of July, 1954, at 10 o'clock in the forenoon * * * rather than at Rochester, New York, on the 12th day of July, 1954.".

On the return of the order to show cause the matter was adjourned to July 8th for the arguments of counsel.

From the papers and the arguments it appears that two inspectors, Kenneth C. Young and Stephen Nast, of the Alcohol and Tobacco Tax Unit made "a routine inspection of a tavern at 55 Ridge Road, Lackawanna, New York, the licensee of said premises being one Hosey Jackson;" that the inspectors made a visual inspection of liquors contained in bottles in the bar-room on the premises so licensed which indicated that the contents of said bottles differed from the genuine product; that the bottles were sealed, receipts were given to the defendant and the inspectors took the bottles with them to have their contents chemically analyzed.

Defendant contends that the inspectors were set upon him by a liquor dealer whose sales to defendant had fallen below normal; that defendant feels the inspectors knew or had reason to believe that a felony had been or was being committed by defendant and, therefore, if they were operating under this impression, they should have obtained a search warrant authorizing the search and seizure.

The authority for the search and seizure made by the inspectors lies in 26 U.S.C. § 3601, which provides:

"(a) Authority

"(1) Entry during day. Any collector, deputy collector, internal revenue agent, or inspector may enter, in the daytime, any building or place where any articles or objects subject to tax are made, produced, or kept, within his district, so far as it may be necessary for the purpose of examining said articles or objects.

"(2) Entry at night. When such premises are open at night, such officers may enter them while so open, in the performance of their official duties."

It appears that the inspectors were performing their official duties and that they entered the premises without the use of force.

The only construction of the forerunner of 26 U.S.C. § 3601, Rev.Stat. § 3177,

Comp.St. § 5900, wherein the facts were comparable, was had in Casey v. U. S., 8 Cir., 281 F. 897. In that case the defendant Casey, who conducted a drug store in which he maintained a cold drink stand, without any attempt at concealment, was selling intoxicating grape juice or wine; the deputy internal revenue collectors went to the store in the day-time during defendant's absence to ascertain whether or not the defendant was conducting a retail liquor business without having paid the special tax as required by law; the collectors returned the next day and procured a bottle of the liquid which was analyzed and found to contain 24 per cent of alcohol by volume; the defendant claimed that the collectors had committed an unreasonable search and seizure. The court determined that there was no search whatever, and especially an unreasonable search and seizure.

■ The defendant here is required to have and had obtained a license from the Federal government for the sale of liquor. His compliance with the requirement voluntarily places the defendant within § 3601, which is separate and apart from the constitutional safeguard against unlawful search and seizure provided by the Fourth Amendment, U.S. Const. Amend. IV.

■ Defendant contends "that the affidavits used in opposition to this motion are not made by the proper person, are hearsay, and should not be considered by the Court when deciding the motion." In support of such contention, defendant cites Go-Bart Importing Co. v. United States, 282 U.S. 344, 51 S.Ct. 153, 75 L.Ed. 374. The Go-Bart case is not authority for the present motion. The Court has discretion to direct the submission of affidavits. Fed.Rules of Criminal Procedure, Rule 47, 18 U.S.C.A.; United States v. Privinzini, D.C., 6 F.R.D. 207; and see United States v. Vomero, D.C., 6 F.R.D. 275.

None of the authorities cited by defendant are helpful to the solution of

this motion. They all relate to search warrants issued in cases where no right of inspection was retained by the government. Here the right of inspection was a part of the basis for the issuance of the license.

Defendant's motion is denied.