**UNITED STATES of America,**
**Plaintiff,**

v.

**Robert Burns WARRINGTON, alias David M. Hirsch, Paul W. Halprin, and Aaron I. Feldman, Defendant.**

**Cr. No. 11263.**

United States District Court,
N. D. California, N. D.

Jan. 18, 1955.

---

23. Cf. United States v. Moore, D.C.S.D. N.Y., 107 F.Supp. 393.

Lloyd H. Burke, U. S. Atty., San Francisco, Cal., and James S. Eddy, Sacramento, Cal., for plaintiff.

Anthony J. Kennedy and Carl Kuchman, Sacramento, Cal., for defendant.

HALBERT, District Judge.

The defendant has filed a written motion for return of seized property and suppression of evidence which involves numerous items of personal property specifically described in the motion. Defendant asserts in his motion "that the property was seized against his will and without a search warrant". Defendant has also filed an affidavit in support of his motion to suppress evidence. In his affidavit, defendant sets forth in considerable detail his version of the circumstances surrounding the alleged search for and the seizure of the property. The matter came on regularly for hearing, and the defendant offered his affidavit in evidence and rested, taking the position that the burden was then on the Government to justify the search and seizure. The Government objected to the admission of defendant's affidavit in evidence, made a motion to strike defendant's affidavit from the records of the proceeding, and asked for permission to call the defendant to the witness stand for cross-examination relative to the matters set forth in his affidavit. Both sides insisted that they were proceeding properly, but neither could produce any persuasive authority to support the arguments they were making. The inability of counsel for the parties to produce authorities for the arguments they were making resulted primarily from the fact that authorities on the point are extremely limited and not helpful. When this situation became apparent, the Court continued the case to give all an opportunity to examine the law available and give the problems involved some considered reflection. Counsel for both sides have diligently assisted the Court, and the Court is filing this memorandum

and order as a guide for them when the matter next comes on for hearing.

Except as noted below, no authorities directly in point have been discovered by the Court or counsel. Such a situation is good when viewed in the light of being entitled to direct your own course, but it is bad when one finds himself wandering through a legal maze without a single voice to guide him out of the wilderness. With the assistance given by counsel, the Court will here do its best to fix a proper course and move along it.

Courts must take rules, such as the one involved in this case, as they are found and interpret them as they are written so that the interpretation will result in fair, impartial and efficient administration of justice. No individual court has the duty or the right to add to or subtract from the obvious and apparent meaning of a rule by judicial edict. And this is true even though the Court disagrees with the rule and feels that it should be other than what it is. If a rule adopted for all courts is to be modified, changed or enlarged, this must be done by the authority vested with the power to make and change the rules and not by the decision of some individual Judge.

Coming now to the instant case, it involves a situation where admittedly no search warrant was obtained, so any relief must be obtained under the first ground set forth in par. (e) of Rule 41 of the Federal Rules of Criminal Procedure, 18 U.S.C.A. This specific portion of Rule 41 will be considered at this time, and no attempt will be made to discuss any other phase of the rule or the law. The portion of the rule pertinent at this time reads as follows:

"A person aggrieved by an unlawful search and seizure may move the district court * * * for the return of the property and to suppress for use as evidence anything so obtained on the ground that (1) the property was illegally seized without warrant * * *. The judge

shall receive evidence on any issue of fact necessary to the decision of the motion."

Though it be an elementary observation, it should be noted that the rule provides that the aggrieved person is authorized to make a motion for the relief sought and that the Judge *"shall receive evidence on any issue of fact."* Rule 47 of the Federal Rules of Criminal Procedure requires the motion to be made in writing unless the Court gives express permission for it to be made orally. Good practice would seem to require that all such motions as the instant one should be made in writing.

In this case the parties are in discord as to whether an affidavit in support of a motion is mandatory, permissive or improper. In solving any such problem, which must depend on the wording of a rule for its solution, common sense must be applied to the actual wording of the rule so that a logical and just result can be obtained. Considering Rule 41 in this light, it appears clearly that an affidavit is never mandatory and seldom proper, but with the permission of, or at the request of, the Court, may, in some instances, be quite useful and proper. It would appear quite clearly that when a motion could be determined on a question of law, an affidavit would be helpful and time-saving for the Court. Rule 41, by its silence on the subject, would permit the determination of such a motion on an affidavit if only a question of law should be involved. On the other hand, the rule lays down an express mandate to the Court in cases where *"any issue of fact"* is involved. Without discussing in detail the theory and practice relating to the use of the words "shall" and "may", but keeping the applicable rules in mind, it appears that when used in the Federal Rules of Criminal Procedure the word "shall" is mandatory. The Court will adopt this as the governing principle without fear of successful contradiction even though the text of the rules themselves does not contain the

usual helpful direct definition of the words and phrases used in the rules. Simple logic dictates that an affidavit is in such a situation useless. It would be a superfluous and idle act to file such an affidavit. In proceedings such as those now before the Court, an affidavit should not be filed unless it is called for by the Court, or the party filing the motion contends that the issue is one of law alone, in which event it would probably be well for the moving party to seek the permission of the Court to file an affidavit in support of his motion.

In connection with this first phase of this problem, the Court's attention has been directed to United States v. Privinzini, D.C., 6 F.R.D. 207, and United States v. Vomero, D.C., 6 F.R.D. 275. These cases have been carefully examined. United States v. Privinzini is in accord with the above ruling. United States v. Vomero is in some respects in conflict with this decision. Insofar as it is in conflict with the present decision, this Court must respectfully disagree with the learned Judge who wrote the opinion in United States v. Vomero.[1]

 Having decided that an affidavit in support of the motion is at best permissive and optional with the Court, the next problem to be considered is who has the burden of going forward with the presentation of the evidence to support the motion. The general rule is that the moving party must always carry the burden of supporting his motion. There does not appear to be any authority directing, or any reason impelling, any change in this rule when it is applied to motion for the return of property and to suppress evidence after a claimed illegal search and seizure. See: Lotto v. United States, 8 Cir., 157 F.2d 623; Schnitzer v. United States, 8 Cir., 77 F.2d 233, and United States v. Daniels, D.C., 10 F.R.D. 225. It is, therefore, the opinion of this Court that the defendant must in this case support his motion by a prima facie showing before the Government is required to defend the action of its officers. There is respectable authority for the fact that officers are presumed to do their duty. Eaker v. United States, 10 Cir., 76 F.2d 267; Rawls v. United States, 10 Cir., 166 F.2d 532, and Wall v. Hudspeth, 10 Cir., 108 F.2d 865, and anyone challenging this presumption must carry the burden of showing the contrary. United States v. Vatune, D.C., 292 F. 497. This rule of law adds support to the reasoning that the burden in the instant proceeding is on the defendant to make a prima facie showing before the Government is required to affirmatively defend the acts of its officers.

 An affidavit is not evidence, Vendetti v. United States, 9 Cir., 45 F.2d 543; Vonherberg v. City of Seattle, D.C., 20 F.2d 247; Automobile Sales Co. v. Bowles, D.C., 58 F.Supp. 469, and McClure v. United States, 48 F.Supp. 531, 98 Ct.Cl. 381, and it may not be used as evidence in this proceeding to satisfy the mandate that the Court "receive evidence on any issue of fact." The defendant is, therefore, obliged to support his motion by competent legal evidence produced, or adduced, in Court at the time of the hearing. If the rule were otherwise, the clear meaning of the mandate in Rule 41 would be nullified. No support for a contrary position can be obtained by defendant from the general statement in Rule 47, where it is said that a motion "may be supported by affidavit", or the statement in paragraph (b) (4) of Rule 12, which is applicable only at the direction of the Court. At the outset, it is apparent that each of these last mentioned rules are permissive and in addition, it should be borne in mind that general language (as in Rule 47 and Rule 12) must yield to particular language (as in Rule 41) where both apply to the same case and the plain intent is not defeated by such

---

[1] This Court also has in mind the recent case of United States v. Jackson, D.C., 122 F.Supp. 295. That case does not consider the point that is determinative of the case at bar.

circumstances. Clifford F. MacEvoy Co. v. United States, 322 U.S. 102, 64 S.Ct. 890, 88 L.Ed. 1163; Bailey v. Allan E. Walker, Inc., 55 App.D.C. 74, 2 F.2d 123, and Swiss Nat. Ins. Co. v. Miller, 53 App. D.C. 173, 289 F. 571.

■ It is apparent in this case that there are issues of fact to be determined, so it follows from the conclusions above reached that the defendant's motion may not be supported or sustained by his affidavit on file; that the affidavit is superfluous and that the ruling of the Court admitting the affidavit in evidence should be reversed and set aside. The admission of defendant's affidavit in evidence having been set aside, the Government's motion to strike the affidavit should, under the circumstances in this particular proceeding, be granted. Such will be the ruling of the Court when the matter comes on for hearing. The parties should govern themselves accordingly.

■ The question of the right of the Government to cross-examine the defendant relative to the contents of his affidavit has been solved by the rulings above. The Government may cross-examine the defendant only if he voluntarily submits himself as a witness in these proceedings. With the affidavit stricken, the Government may not use that as a basis for cross-examination of the defendant, so the choice is with the defendant whether he will be a witness and be subjected to cross-examination. If he becomes a witness, he can be cross-examined as any other witness, but that will occur only if he voluntarily chooses to be a witness. Under no other circumstances will the Government be permitted to cross-examine him.

■ So that there may be no misunderstanding about the matter, it should be borne in mind that a proceeding under par. (e) of Rule 41 of the Federal Rules of Criminal Procedure may not be used by either the Government or the defendant as a "fishing expedition" wherein an effort is made to peer into the files of the opposition. The Court will of its own motion, if necessary, require both parties to adhere strictly to the issues raised by the defendant's motion, and will not permit the slightest deviation from the true issues of the motion by either party.

■ As a guide for further proceedings in this particular case and all future proceedings in this Court under par. (e) of Rule 41 of the Rules of Criminal Procedure, this Court now establishes the following procedure, to-wit:

1. The motion for return of property and to suppress evidence must be in writing.

2. The motion must set forth in detail the ultimate facts which will be relied upon by the moving party, but should not set forth facts of an evidentiary nature.

3. The motion should not be verified.

4. The motion must be supported by points and authorities.

5. No affidavit may be filed in the proceeding by either the moving party or the Government without the express consent of the Court having been first had and obtained. (An affidavit will always be permitted when either party contends that the proceeding can be determined on a point of law without an issue of fact being involved.)

6. The defendant will be required to support his motion by competent evidence that must make a prima facie showing that his motion has merit.

7. The Government will be given an opportunity to controvert the defendant's evidence given in support of his motion.

8. Both parties will be given all reasonable opportunity to rebut the testimony offered by the other.

9. The defendant may not be cross-examined by the Government unless he voluntarily offers himself as a witness in the proceedings.

10. Under no circumstances may either party digress from the true issues involved in this proceeding, and use it for a "fishing expedition."