Marion Alfred **NICHOLSON,**
Appellant,

v.

**UNITED STATES of America,**
Appellee.

No. 15184.

United States Court of Appeals
Eighth Circuit.

April 22, 1955.

Rehearing Denied June 1, 1955.

William P. Murphy and Silver, Goff, Murphy, Ryan & Gottlieb, St. Paul, Minn., filed brief for appellant.

George E. MacKinnon, U. S. Atty., and Clifford Janes, Asst. U. S. Atty., St. Paul, Minn., filed brief for appellee.

Before GARDNER, Chief Judge, and COLLET and VAN OOSTERHOUT, Circuit Judges.

COLLET, Circuit Judge.

The defendant was tried on three counts of an indictment. Counts No. Seven and Eight charged unlawful possession and transfer of marihuana. Count Nine charged conspiracy to unlawfully transfer marihuana. The jury found him not guilty on Counts Seven and Eight. He was convicted and sentenced on Count Nine. From the judgment of conviction he appeals.

Three assignments of error are presented. First, that defendant's motion for a directed verdict should have been sustained because the evidence was insufficient to support a verdict of guilty. Second, that the Court's instructions were erroneous in several particulars, and third, that Government counsel made an unproper argument to the jury over the futile objection of defendant.

The evidentiary facts upon which the trial court denied defendant's motion for a directed verdict on the conspiracy count were as follows: A man named Eaves worked as a barber in a barber shop in St. Paul, Minnesota. Defendant was an occasional customer. A government narcotic agent was investigating illicit traffic in narcotics in the community in which the barber shop was located. Eaves was in need of money. The agent, posing as an exconvict, a dealer in narcotics and stolen automobiles, made a proposal to Eaves that if he, Eaves, would assist him in obtaining narcotics, the agent would make it financially very worth while to Eaves. Eaves advertised the fact to many of his customers, including defendant, that he would like to have some marihuana for his "friend". Eaves obtained marihuana on two occasions from undisclosed sources and turned it over to the agent. The defendant first told Eaves that he knew of no source from which marihuana could be obtained but that if he learned of any he would let Eaves know. Eaves testified that on September 25, 1953 about 4:00 P. M. he had a conversation with defendant just outside the barber shop in which defendant told him that he, defendant, would be able to get him 20 packages of marihuana and that he, the defendant, or the man who had it would bring the marihuana to the barber shop about six o'clock that evening. The defendant left and returned about six o'clock, at which time he informed Eaves that only six packages were available and they would be delivered about 7:00 P. M. At about 7:00 P. M. a man named Johnson came to the barber shop and delivered to Eaves a package containing six smaller packages of marihuana each containing eight marihuana cigarettes and demanded

$30.00 therefor. Eaves told Johnson he would deliver the marihuana, get the money for it and then pay him. Eaves left the shop and delivered the package to the agent. Johnson waited. Eaves was arrested and did not return. Johnson testified that defendant was a friend of his, had picked him up in defendant's automobile, driven to Eaves' shop and asked Johnson to hand the package to Eaves and get $30.00 for it. Johnson said he delivered the package as Eaves stated it was delivered. Later that evening defendant and Johnson were arrested in defendant's automobile. Johnson was subsequently released. Eaves entered a plea of guilty. Defendant denied having possession of any marihuana, denied making any statement to Eaves that he would deliver it, and denied delivering or participating in delivering any marihuana to anyone. But the weight of the evidence and the credibility of the witnesses was for the jury. The facts justified the submission of the issue to the jury.

Defendant was contending at the trial that the charge against him was a "trumped up" case arising from over-zealousness on the part of the narcotic agent in inveigling Eaves into finding him some marihuana. Defendant necessarily was contending that Johnson and Eaves were not worthy of belief. Defendant's counsel had made an able and persuasive argument to the jury to the effect that defendant was an innocent victim of circumstances and the testimony of irresponsible witnesses. The Court, in the charge, referred to the fact that in cases of this nature it was not always easy to get at the truth, that oftentimes it was necessary to produce witnesses whose conduct in life had not always been commendable, that evidence in cases of this kind "cannot be found in houses of worship", and that the jury would have to try to decide the case from the facts shown by the evidence. Defendant excepted on the ground that the charge was unduly argumentative.

Again, on the question of the alleged co-conspirators' testimony, defendant excepted to that part of the court's charge in which the court, in defining the necessary elements of a conspiracy, told the jury that if the jury believed the testimony or admissions of Eaves that the alleged overt acts of the conspiracy charged did occur "it simplifies the case as to Count 9 * * * because of the admission of the commission of the overt acts of the defendant Eaves". This part of the charge is also said to be unduly argumentative.

■ The court's charge when considered in its entirety is not subject to defendant's criticism in these respects.

■■ The indictment charged an illegal conspiracy to "transfer" marihuana, in the language of the statute. In the Court's charge the offense is referred to in one isolated instance as an agreement or understanding "to sell marihuana". Defendant contends that the discrepancy in terminology was error. There was no exception to this part of the charge, which precludes consideration of the complaint on appeal. But even if there had been an exception to it there could have been no prejudice since the instructions clearly defined and explained the formal charge beyond possibility of misunderstanding.

Defendant requested an instruction on the testimony of an accomplice to the effect that an accomplice's testimony was not entitled to the full credit to be given other witnesses' testimony, and excepted to the court's failure to give it as requested. We need not consider the technical accuracy of the instruction requested since the subject was fully and properly covered in the charge as given.

■ In the course of the argument, Government counsel gave what defendant contends was an unwarranted construction and interpretation to a portion of the testimony. Our examination of that part of the testimony which is contained in the record indicates that defendant is probably correct in his interpretation of the import of the testimony. Each time the dispute arose between counsel the Court informed the jury that the jury

was the sole judge of what the testimony was. Misconduct of counsel in argument to the jury is ground for reversal under some circumstances. But an honest misinterpretation of testimony, such as this apparently was, without some indication of resulting prejudice does not constitute reversible error. Vendetti v. United States, 9 Cir., 45 F.2d 543.

The judgment is affirmed.