**Solomon P. ROSENBLOOM, Also Known as Sol Rosenbloom, Appellant,**

v.

**UNITED STATES of America, Appellee.**

**No. 15842.**

United States Court of Appeals
Eighth Circuit.

Oct. 15, 1958.

---

\* See United States v. Davidson Transfer & Storage Co., Inc., 302 I.C.C. 87.

Israel Treiman, St. Louis, Mo. (Shifrin, Treiman, Agatstein & Schermer, St. Louis, Mo., on the brief with him), for appellant.

W. Francis Murrell, Asst. U. S. Atty., St. Louis, Mo. (Harry Richards, U. S. Atty., Wayne H. Bigler, Jr., and John A. Newton, Asst. U. S. Attys., St. Louis, Mo., on the brief), for appellee.

Before GARDNER, Chief Judge, and VOGEL and MATTHES, Circuit Judges.

GARDNER, Chief Judge.

Appellant was indicted, tried and convicted on an indictment charging him with violation of the Internal Revenue Act. The indictment under which he was convicted contained six counts. In Counts I and II the indictment charged appellant with filing fraudulent joint income tax returns for himself and his wife for the calendar years 1950 and 1951. Counts III and IV charged appellant with filing false partnership returns for the Rosenbloom Monument Company for the same two years and Counts V and VI charged him with filing false joint returns for his brother and wife for the same two years. We shall hereinafter refer to appellant as defendant.

Defendant, his brother, his two sons and his brother's son constituted a family partnership and at the times here involved were engaged in the sale of headstones and markers for burial plots and were operating under the trade name of Rosenbloom Monument Company. Defendant and his brother had been operating the business for some thirty-five years and in the years in question were assisted by defendant's two sons and his brother's one son. The five were treated as equal partners on the partnership income tax returns. Defendant ran the office, supervised the bookkeeping and made out the partnership and personal income tax returns for the years 1950 and 1951. He had taken a nine months business college course which included elementary bookkeeping. The chief source of income of the members of this family partnership and their wives was from the Rosenbloom Monument Company.

The books of the company, kept under the supervision and direction of defendant, indicated that for the years involved the partnership realized no net income. However, the income tax returns for those years as prepared by the defendant showed a taxable net income of $25,534.83 in 1950 and $26,750.21 in 1951. The evidence of the government showed that the taxable income for these years was $49,294.88 in 1950 and $53,082 in 1951. There is no material conflict in the evidence as to these primary facts. The discrepancy between the amounts shown as taxable income and the actual taxable income is largely accounted for by the fact that defendant siphoned off the income of the company by paying the sum of $51,665.00 in 1950 to the five partners and charging it to "selling expense", and in 1951 paying the sum of $53,000 to the partners and likewise charging it to "selling expense". Defendant admitted that in preparing the partnership tax returns he padded and enlarged legitimate items of company expense to the extent of almost $25,000 in each of the two years involved. The evidence will be further developed during the course of this opinion.

At the close of the government's evidence in chief defendant moved for judgment of acquittal, which motion was denied. He then introduced evidence on his own behalf, following which the Court submitted the case to the jury on instructions to which defendant made no objections and saved no exceptions. The jury found the defendant guilty on all counts of the indictment and the Court, pursuant to the verdict of guilty, sentenced defendant to imprisonment for eighteen months on each count contained in the indictment, sentences to run concurrently, and imposed a fine of $2,500. He seeks reversal on substantially the following grounds: (1) the government's own testimony refuted the charge that the partnership returns were false and fraudulent, (2) there was not sufficient evidence of specific intent involving bad purpose and evil motive to sustain the verdict of the jury as to any of the counts and therefore the District Court erred in not sustaining the motion for new trial and for judgment of acquittal notwithstanding the verdict, and (3) the District Court committed prejudicial error in its instruction to the jury on presumption of specific intent.

It is contended by defendant that the evidence was insufficient to sustain the verdict of guilty, particularly as to the charges contained in Counts III and IV, and hence he urges that the Court erred in overruling his motion for acquittal interposed at the close of the government's case and in overruling his motion for judgment of acquittal notwithstanding the verdict. It is observed, however, that no motion for acquittal was interposed by defendant at the close of all the evidence. It is also to be noted that he introduced evidence in his own defense. The question of the sufficiency of the evidence to sustain the verdict is not before us because that question was not made a question of law by presenting to the trial court a motion for acquittal at the close of all the evidence. Picciurro v. United States, 8 Cir., 250 F.2d 585, 589. In Picciurro v. United States, supra, we said:

"In order to entitle defendant to question the sufficiency of the evidence he must first have presented the question to the trial court by motion for judgment of acquittal interposed at the close of all the testimony, thus raising a question of law which this court will consider on appeal, and it is well settled that absent such motion this court will not review the evidence."

See, also, Seventh Amendment, U. S. Constitution; McDonough v. United States, 8 Cir., 248 F.2d 725; Kreinbring v. United States, 8 Cir., 216 F.2d 671; Mitchell v. United States, 8 Cir., 208 F.2d 854; Leeby v. United States, 8 Cir., 192 F.2d 331; Meier & Pohlmann Furniture Co. v. Troeger, 8 Cir., 195 F.2d 193.

It is next contended that there was not sufficient evidence of specific intent to sustain the verdict. As above noted

the question of the sufficiency of the evidence has not been preserved and is not before us.

■ It is urged that the Court erred in its instruction to the jury on the question of specific intent. It is conceded that defendant interposed no objection to the instruction now complained of before the jury retired, as required by Rule 30, Federal Rules of Criminal Procedure, 18 U.S.C.A. This precludes consideration of this contention on appeal. Kreinbring v. United States, supra; Nicholson v. United States, 8 Cir., 221 F.2d 281; Gicinto v. United States, 8 Cir., 212 F.2d 8; Davis v. United States, 8 Cir., 229 F.2d 181; Schuermann v. United States, 8 Cir., 174 F.2d 397. Rule 30, Federal Rules of Criminal Procedure, provides that:

> "No party may assign as error any portion of the charge or omission therefrom unless he objects thereto before the jury retires to consider its verdict, stating distinctly the matter to which he objects and the grounds of his objection."

The rule if complied with gives the trial court an opportunity to correct by modification or otherwise the instruction objected to and thus cure the error, if any. In Kreinbring v. United States, supra [216 F.2d 673], where this question was in issue, we said:

> "In the absence of a request for or exceptions to instructions there is nothing to review."

In Nicholson v. United States, supra [221 F.2d 283], it is said:

> "There was no exception to this part of the charge, which precludes consideration of the complaint on appeal."

If this were not the rule counsel for defendant, by failing to object to an erroneous instruction, might entrap the Court by thus, in effect, laying foundation for reversal in the event of conviction. The rule is certainly a very salutary one. The part of the instruction now complained of reads as follows:

> "The attempt to evade and defeat the tax must be a willful attempt, that is to say, intentionally done, with the intent that the government should be defrauded of the income tax due from the defendant, by keeping from the government a tax imposed by the income tax laws, which it was the duty of the defendant to pay to the government. The presumption is that a person intends the natural consequences of his act, and the natural presumption would be that if a person knowingly or intentionally did not report all of his income and thereby the government was cheated or defrauded of taxes, that he intended to defeat the tax on the unreported income."

The objection now urged is that specific intent may not be presumed but must be proven, and we are asked to consider the alleged error under Rule 52(b), Federal Rules of Criminal Procedure, which provides that:

> "Plain errors or defects affecting substantial rights may be noticed although they were not brought to the attention of the court."

■ The instructions must be considered as a whole. Here the Court specifically instructed as to the necessity for proof of specific intent and the Court in great detail instructed as to the necessity of the jury's finding intent to evade the particular taxes involved beyond a reasonable doubt before it could convict. Thus the Court instructed that:

> "So, when intent is sought to be shown by the actions of the person in question, and the surrounding circumstances, there must be proof of facts by or from which the specific intent can be inferred and determined with certainty—that is, such proof of intent must establish this element of the charge beyond a reasonable doubt."

■ We need not approve of the exact wording of the instruction here now objected to. Certainly many cases hold that it is not improper to instruct that

one is presumed to intend the natural consequences of his acts where the issue of intent is clearly presented to the jury in the charge as a whole. Agnew v. United States, 165 U.S. 36, 17 S.Ct. 235, 41 L.Ed. 624; Grayson v. United States, 8 Cir., 107 F.2d 367; Bateman v. United States, 9 Cir., 212 F.2d 61; Legatos v. United States, 9 Cir., 222 F. 2d 678. In Agnew v. United States, supra [165 U.S. 36, 17 S.Ct. 242], it was urged that the Court erred in giving the following instruction:

> "The law presumes that every man intends the legitimate consequence of his own acts."

In disposing of this contention the court said:

> "In our opinion there was evidence tending to establish a state of case justifying the giving of this instruction, which was unexceptionable as matter of law."

█ In the instant case, while the question of the sufficiency of the evidence to sustain the verdict is not properly presented, we have examined the record with great care and think there is abundant evidence warranting the jury in finding specific intent to defeat the tax on the unreported income. In Grayson v. United States, supra [107 F.2d 370], the trial court had instructed the jury that defendant was presumed to intend the natural consequences of her acts. It was urged that this invaded the province of the jury in that it raised a conclusive presumption of intent. Answering this contention this court said:

> "There is, of course, no presumption of law to that effect. (Citing cases.) The use of the words 'presume' or 'presumption' in this connection is not to be approved. No doubt inferences as to intent may be gathered from subsequent acts and conduct, but no presumption of law follows to invade and restrict the province of the jury. However, we do not think the language employed had that effect in the instant case. The question of the particular intent

was not treated as a question of law, but as a matter to be submitted to and resolved by the jury. The charge as a whole must be considered. In this same paragraph the jurors are admonished that they would be justified in finding the intent only from all the evidence in the case."

Bateman v. United States, supra [212 F.2d 69], was a tax evasion case in which the trial court had among other things said in its instructions:

> "'the law presumes that every man intends the natural and probable consequences of his own voluntary acts,'"

This was urged as error. In response to this contention the Court said:

> "Under Rule 30 of the Federal Rules of Criminal Procedure, 18 U. S.C.A., failure to except to an instruction on the ground urged on appeal forecloses review of the question. Berenbeim v. United States, 10 Cir. 1947, 164 F.2d 679.
>
> "Although we would be justified in placing our determination of this question on the failure of appellants to comply with Rule 30, we deem it advisable to point out that the trial court correctly instructed on the element of intent.
>
> "As often occurs counsel had singled out one instruction in claiming error without regard to the instructions considered as a whole. The instructions on intent, given by the Court, correctly stated the law, were plain and understandable, and left no room for doubt in the minds of the jurors."

█ In the instant case we rest our decision upon the ground that defendant failed to object to the instructions as given by the lower court, but we think that the instructions taken as a whole clearly required the jury to find specific intent to defeat the tax on the unreported income. We do not think this case presents a situation warranting us to review the alleged error under Rule

52(b), Federal Rules of Criminal Procedure as we are of the view that the instructions considered as a whole were not prejudicial and that there has been no miscarriage of justice in this case.

We have considered all other contentions urged by the defendant but think them without merit. The judgment appealed from is therefore affirmed.