UNITED STATES of America, Plaintiff,

v.

Lesly COHEN, Defendant.

Cr. No. 39434.

United States District Court N. D. California, S. D.

April 21, 1965.

See also D.C., 35 F.R.D. 227.

Cecil F. Poole, U. S. Atty., David R. Urdan, Asst. U. S. Atty., San Francisco, Cal., for plaintiff.

Lewis & Foster, San Francisco, Cal., for defendant.

HARRIS, Chief Judge.

The defendant, indicted for an alleged violation of Title 18 U.S.C. § 1084 (Interstate transmission of wagering information), has filed herein a motion to suppress evidence based upon the assertion that evidence was seized by reason of a "wire tap" and that there was an illegal watch or cover placed on his mail.

Upon the hearing of the motion it was argued by defendant's counsel that oral testimony should be elicited in support of the motion. The government contended that a *prima facie* case had not been made out which would justify a purely exploratory procedure, and that the matter should be disposed of on the record before the court.

In support of its position the government places reliance upon the affidavit of the United States Attorney wherein he has sworn that there was no "tap" of defendant's wire and that no evidence gathered from such source was presented to the Grand Jury that returned the indictment; nor would any such evidence so obtained be used at the trial. Also, the affidavits of the Postmaster at Las Vegas, Nevada, and several postal employees, disclose that the "mail watch" which was admitted by the government did not go beyond that which was visible on the outside of the letter or package.

Defendant's motion, representing generalizations and blanket charges, must find support in the affidavit filed by defendant's counsel, Richard Foster. The affidavit is insufficient and on its face discloses (1) that a letter containing confidential legal advice "presumedly" was interrupted by government agents; (2) that an interview with individuals concerning questions directed by the Internal Revenue Agents demonstrates that the agents "must have been familiar with the content of the correspondence and with the content of the telephone conversations."

These conclusionary assertions are patently insufficient to create an issue. In view of the categorical denial by the government [1] and the complete ab-

---

1. The affidavit of Frederick J. Woelflen filed as Exhibit "A" under date of February 7, 1964, in part:

"3. Subsequent to January 29, 1964, when the several motions of defendant Lesly Cohen were heard and argued before the Court, your affiant has caused an investigation to be made to determine the validity of defendant's allegations that the indictment returned on December 11, 1963 was the result of evidence and investigative leads obtained by wire tapping and the segregation and obstruction of mail matter intended for delivery to the defendant in Las Vegas, Nevada.

"4. On February 6, 1964, your affiant telephonically communicated with appropriate officials in the Department of Justice and agents thereof in Washington, D. C., who had initially requested the Internal Revenue Service to undertake an investigation into the defendant's alleged interstate wagering activities.

"5. Your affiant was advised by these attorneys that the information and investigative leads which resulted in the indictment of the defendant on Decem-

ber 11, 1963, did not come from any wire tapping activities. No such activity was engaged in.

"6. Further, your affiant personally conferred with a Special Agent of the Intelligence Division of the Internal Revenue Service on February 6, 1964, who had investigated the alleged interstate gambling activities of the defendant in Las Vegas, Nevada, and your affiant was advised by this agent that the Internal Revenue Service did not engage in nor employ any wire tapping activities in securing investigative leads and other information which resulted in the indictment of the defendant.

"7. Your affiant has been advised by the Special Agent of the Intelligence Division of the Internal Revenue Service that between May 6, 1963 and August 24, 1963 a mail cover was placed on all incoming mail of the defendant addressed to him at 114 South First Street, Las Vegas, Nevada, together with the Saratoga Sports Book at the same address. This mail cover consisted of the recordation of the name of the addressee, the name of the sender, the return address

sence of any evidentiary material to give support to the defendant's charges, no issue has been presented which requires a further hearing, or the taking of testimony for the determination of the motion. United States v. Casanova, D.C., 213 F.Supp. 654; United States v. Weinberg, D.C., 108 F.Supp. 567; United States v. Flynn, D.C., 103 F.Supp. 925, affirmed 2 Cir., 216 F.2d 354.

The defendant has failed to support the motion by a *prima facie* showing of alleged illegal conduct by the government and no issuable fact has been raised. United States v. Warrington, D.C., 17 F.R.D. 25.

The type of "mail watch" conceded by the government in the case at bar has been upheld in the following well-considered authorities: United States v. Costello, 2 Cir., 255 F.2d 876; United States v. Schwartz, 3 Cir., 283 F.2d 107; United States v. Cohn, Docket No. 63CR748 S.D.N.Y., Opinion filed March 4, 1964; Cf. Ex parte Jackson, 96 U.S. 727, 24 L.Ed. 877.

The uncontroverted affidavits of the government mail carrier White and the United States Postmaster Lias demonstrate that no mail was opened but that data appearing on the *outside* of the envelopes addressed to the defendant Cohen was recorded.[2] The crucial distinction between *opening* first class mail and the scope of inspecting and handling of all forms of mail was emphasized in Oliver v. United States, 8 Cir., 239 F.2d 818, 61 A.L.R.2d 1273.

To the defendant's assertion that certain Postal laws[3] were violated and for that reason his motion should be granted, it likewise appears that not a scintilla of evidence has been put forward in support of his assertion. However, affidavits submitted by the Government clearly indicate that there was not a delay or obstruction of the defendant's mail[4] and at no time did he ever complain that his mail was late or irregularly delivered. In any event, it is clear that the Constitutional guarantees do not extend to prohibit the practice of examining the external markings on first class mail and it has been held that this kind of "mail watch" does not violate the Postal laws. United States v. Costello, supra. United States v. Schwartz, supra, points out that a "mail watch" is authorized by the Postal Regulations[5] and does not amount to unauthorized "tampering."

The statute held unconstitutional in Heilberg v. Fixa et al., D.C., 236 F.Supp. 405, cited by defendant, authorized detention of mail containing controversial political ideas, required the addressee to signify a desire to the Postal author-

on the mail matter, the place and date of the postmark and the class of mail. No delay in the delivery of the mail resulted from this procedure. Said Special Agent of the Intelligence Division of the Internal Revenue Service has advised your affiant that such information so secured and recorded as a result of the mail cover did not result in any agency of the Federal Government securing any investigative leads or information against Lesly Cohen, which resulted in the indictment returned against him on December 11, 1963.

"Further, affiant alleges to this Court that he was present during the presentation of certain portions of the testimony of witnesses before the United States Grand Jury, particularly the testimony of witnesses Raymond J. Syufy and Adolph Schuman, whom the Government has identified in its bill of particulars as the bettors who placed the interstate calls to the defendant in all nine counts of the indictment. Affiant verily alleges that testimony secured from these witnesses was not the result of any wire tapping activities by any federal agencies nor the result of the mail cover heretofore described in this affidavit."

2. Recorded were the names of Addressee, Sender, Return Address, Postmark and Class.

3. Defendant charges the mail watch violates Title 18, §§ 1701, 1702, 1703.

4. Affidavit of Harry White, mail carrier, under date of December 9, 1964, states: "Mail watched and all other mail was strapped by me at the same time and all mail to be delivered on my route was taken from the Post Office at the same time" to and including defendant's address.

5. Section 41.4; Section 831.44.

ities to receive such mail, and resulted in a listing of the addressee as one who wanted to receive such "propaganda."

There is manifestly no violation of constitutional mandate nor statutory guaranty that precludes the *exterior* inspection of a first-class letter or package.

Accordingly, it is ordered that the motion to suppress be, and the same hereby is, denied.