The **UNITED STATES**

v.

**Evelyn Headrick SESSIONS.**
**Crim. A. No. 25259.**

United States District Court
N. D. Georgia,
Atlanta Division.
Jan. 29, 1968.

---

Charles B. Lewis, Jr., Asst. U. S. Atty., Atlanta, Ga., for plaintiff.

Paul Myers, Atlanta, Ga., for defendant.

## ORDER

EDENFIELD, District Judge.

Defendant, an operator of an Atlanta night club, known as "The Nitery Club", has been indicted on one count for having added distilled spirits and other substances to liquor bottles, which altered the original contents, in violation of 26 U.S.C. § 5301(c), and also on a second count for having been in possession of liquor bottles whose contents had been so altered, in violation of the same section. She has also been indicted on a third count for having carried on the business of a retail liquor dealer

and having wilfully failed to pay the special tax levied on such dealers in accord with 26 U.S.C. § 5121.

■ Defendant has made several pretrial motions, the first of which requests that the evidence of the first two counts, namely, some ten bottles of allegedly adulterated liquor, be suppressed as having been seized during an illegal search. The evidence shows that while the club was open for business at 4:00 o'clock in the afternoon on December 13, 1966, investigators of the Alcohol and Tobacco Tax Division of the Internal Revenue Service entered the premises for the purpose of inspecting and examining the records and documents required to be kept by a retail liquor dealer and to inspect the distilled spirits kept and stored on the premises. This inspection was not made under authority of any search warrant but was made solely under the authority of 26 U.S.C. § 5146.[1] Defendant's attack on the search is essentially based on the alleged unconstitutionality of that section. This question was expressly considered in Peeples v. United States, 341 F.2d 60 (5th Cir., 1965). It was found there that a search under authority of the provisions of Section 5146 was not in violation of the rights guaranteed by the Fourth Amendment to the Constitution of the United States. The court finds nothing in the recent cases of Camara v. Municipal Court, 387 U.S. 523, 87 S.Ct. 1727, 18 L.Ed.2d 930 (1967), and See v. City of Seattle, 387 U.S. 541, 87 S.Ct. 1737, 18 L.Ed.2d 943 (1967), which weakens the force of the Peeples decision. Indeed, the final paragraph of the decision in See v. City of Seattle impliedly approves a search under authority such as Section 5146, when also made under the circumstances present here.[2]

■ Defendant has further attempted to set up her failure to acquire a retail dealer's tax stamp as a fact which takes her premises outside of the limits of those that may be searched under authority of Section 5146. This second ground does not appear to be substantial. The statute authorizes inspection "during business hours [of] the premises (including places of storage) of *any dealer* * * *." (Emphasis added.) The statute does not limit inspection only to the places of business of dealers who have paid the special tax. United States v. Jackson, 122 F.Supp. 295 (W.D.N.Y., 1954), on which defendant relies in support of her proposition, merely states that paying the tax voluntarily places the defendant within the scope of those whose places may be searched. However, it does not limit

---

1. "(a) Preservation and inspection of records.—Any records or other documents required to be kept under this part or regulations issued pursuant thereto shall be preserved by the person required to keep such records or documents, as the Secretary or his delegate may by regulations prescribe, and shall be kept available for inspection by any internal revenue officer *during business hours.*

"(b) Entry of premises for inspection.— The Secretary or his delegate may enter during business hours the premises (including places of storage) of any dealer for the purpose of inspecting or examining any records or other documents required to be kept by such dealer under this chapter or regulations issued pursuant thereto and any distilled spirits, wines, or beer kept or stored by such dealer on such premises. Added Pub.L. 85–859, Title II, § 201, Sept. 2, 1958, 72 Stat. 1348."

2. "We therefore conclude that administrative entry, without consent, upon the portions of commercial premises which are not open to the public may only be compelled through prosecution or physical force within the framework of a warrant procedure. We do not in any way imply that business premises may not reasonably be inspected in many more situations than private homes, nor do we question such accepted regulatory techniques as licensing programs which require inspections prior to operating a business or marketing a product. Any constitutional challenge to such programs can only be resolved, as many have been in the past, on a case-by-case basis under the general Fourth Amendment standard of reasonableness." 387 U.S. 545, 87 S.Ct. at 1740, 18 L.Ed.2d at 947–948.

such searches, as defendant contends. Cf., Peeples v. United States, supra, where entry was made under the statute to determine if the place in question was retailing liquors, and it later developed no tax had been paid. In conclusion, the search was not made in violation of any constitutional right and the motion to suppress is denied.[3]

■ Defendant's second motion asks for two separate trials on the charges of refilling and keeping refilled liquor bottles, and of having failed to pay the special retail dealer's tax. Defendant alleges that not only are the counts misjoined but that the misjoinder will operate to create prejudice to the defendant on the charge of having failed to pay the tax. That motion is denied without prejudice to defendant's right to renew it at such point during the trial as it may appear that there is such a defense to the tax charge that the claim of prejudice on that count is more than speculative. See Drew v. United States, 118 U.S.App.D.C. 11, 331 F.2d 85 (1964), and 8 Moore's Federal Practice, ¶ 8.05[2].

■ Defendant's third motion asks the Government to provide a bill of particulars to the indictment. The Government has advised the court that it will make its laboratory report of the contents of the bottles seized available to the defendant on request. It would appear that this would provide enough answers to questions (a) to (h) posed by defendant's motion so that defendant will not be prejudiced in preparing her defense. If the court be in error in

this assumption and material questions remain, defendant may renew her motion on any particular point. Question (i) posed by defendant asks whether the distilled liquor allegedly added to the bottles was liquor on which all United States taxes had been paid. The offense of refilling liquor bottles, defined in 26 U.S.C. § 5301(c), with which defendant is charged, does not require the Government to prove that the added spirits have not themselves been taxed. Watts v. United States, 352 F.2d 803 (9th Cir., 1965). Therefore, the question is irrelevant to any possible defense and need not to be answered. Question (j), whether defendant was engaged in the sale of liquor as a retail dealer, wholesale dealer, or otherwise, is already answered in Count Three of the indictment, where it is alleged that defendant carried on the business of a retail dealer in liquors. An indictment must be construed as a whole. McCoy v. United States, 169 F.2d 776 (9th Cir., 1948). However, since the third count may ultimately be separated from the trial of the first two counts (to which defendant's question is addressed), those two counts should be examined as if they stood alone. Section 5301(c) does not differentiate between retail and other dealers. It provides that "no person who sells, or offers for sale * * *" shall change or add to the contents of liquor bottles once the tax stamps have been affixed, except under certain specified conditions. Neither the law nor the pertinent regulations (26 C.F.R. 170.1–170.7) differentiate between different types of dealers. (Although the regulations allowing re-

---

**3.** Likewise, defendant's contention that some portion of the club's premises comprised her living quarters and that the entire premises were therefore property whose search must be accompanied by a warrant is of little weight. Assuming defendant does have living quarters somewhere on the premises, she cannot expand the special protection to which the home is entitled so as to create a special immunity for the business part of the premises which would otherwise be lacking. The Supreme Court has said: "When, as here, the home is converted into a commercial center to which outsiders are invited for purposes of transacting unlawful business, that business, is entitled to no greater sanctity than if it were carried on in a store, a garage, a car, or on the street." Lewis v. United States, 385 U.S. 206, 211, 87 S.Ct. 424, 17 L.Ed.2d 312, 316 (1966) (see also concurring opinion). If the above statement reflects the law, then the case is surely stronger when it is a business place that performs some completely secondary function as a living area.

stamping are expressly made inapplicable to proprietors of distilled spirits plants.) Under these conditions, a precise definition of what kind of a dealer defendant is would seem irrelevant, and the Government need not specify. In accord with the above, the motion for a bill of particulars is therefore denied.