**UNITED STATES of America, Plaintiff,**

v.

**Donald Thomas WILLIAMS, Defendant.**

No. ———.

United States District Court, N. D. Georgia, Atlanta Division.

Feb. 22, 1971.

Harold Karp, Atlanta, Ga., for plaintiff.

John W. Stokes, Jr., U.S. Atty. N.D. of Ga., Robert E. Whitley, Asst. U.S. Atty. N.D. of Ga., Atlanta, Ga., for defendant.

## ORDER

MOYE, District Judge.

This case is before the Court on a pre-indictment motion for return of seized property and suppression of evidence pursuant to Rule 41(e) of the Federal Rules of Criminal Procedure. The facts surrounding the seizure follow.

Donald Thomas Williams, a licensed dealer in firearms under the Gun Control Act of 1968, reported to local officials the theft of his automobile which contained certain firearms and records required to be kept by him pursuant to the statute. (See 18 U.S.C. § 923(g)). After determining the location of the stolen vehicle and its contents, local officials pursuant to a state search warrant, seized certain firearms and an attache case containing Williams's firearms records from an office building located in Cobb County, Georgia. This evidence was used in the prosecution of the car thieves, and the attache case and its contents were subsequently turned over by the local officials to Special Investigator Charles W. Hugueley of the Alcohol, Tobacco and Firearms Division, Internal Revenue Service. Agent Hugueley proceeded to Williams's premises and took with him the attache case containing the records. Upon arriving at the said premises, Hugueley identified himself to Williams, advised him of his constitutional rights, and stated to him his desire to inspect the firearms records Williams was required to maintain under the provisions of the Gun Control Act of 1968. Williams explained the theft of his fire-

arms and records and identified the attache case (in Hugueley's possession) as the one which contained all of his firearms records. Hugueley made several inquiries concerning Williams's records and his acquisition and disposition of firearms and inspected the firearms Williams had on hand on the premises. (Williams designated the areas in which his collection was lodged.)

Based on his inspection of Williams's records and inventory, Hugueley determined that a substantial number of firearms had not been registered in Williams's records as required by law and that there were other defects in Williams's record-keeping processes.

On the basis of his inspection and certain information obtained from two informers (discussed *infra*), Hugueley submitted an affidavit to an appropriate United States Commissioner for issuance of a search warrant to seize the firearms which had not been properly registered and Williams's firearms records. Williams moves to have the seized property returned and suppressed as evidence on the ground that the warrant was issued without probable cause.

Probable cause for the issuance of a search warrant is deemed to exist "where the facts and circumstances within the affiant's knowledge, and of which he has reasonable trustworthy information, are sufficient unto themselves to warrant a man of reasonable caution to believe that an offense has been or is being committed." Berger v. State of New York, 388 U.S. 41, 55, 87 S.Ct. 1873, 1881, 18 L.Ed.2d 1040 (1967); United States v. Rich, 407 F.2d 934, 936 (5th Cir. 1969), cert. denied, 395 U.S. 922, 89 S.Ct. 1775, 23 L.Ed.2d 239 (1969). As grounds to support a finding of probable cause in this case, the government relies upon admissions by Williams, information obtained through informers, and the inspection of Williams's inventory and records by Agent Hugueley. Williams challenges the informer's information as insufficient under the standards set out in Spinelli v. United States, 393 U.S. 410, 89 S.Ct.

584, 21 L.Ed.2d 637 (1969), in that the affidavit does not set forth the underlying circumstances upon which the informer's conclusions are based and does not present facts to show the credibility and reliability of the informer. Williams also attacks the inspection by Agent Hugueley, arguing that he, Williams, was not given an opportunity to determine if *all* of his records were in the attache case even though he had stated to Hugueley that they were. Also urged as grounds for suppression and return of the property is Williams's contention that the affidavit contains conclusory statements and extraneous information which, Williams argues, are presented only for "padding". On these grounds Williams contends that there is no probable cause for issuance of the search warrant.

It appears to the Court that the information presented in the affidavit allegedly procured from informers does not set out sufficient underlying facts and circumstances to meet the requirements set forth in Spinelli v. United States, *supra*. Also, it is evident that there are certain conclusory statements and extraneous information set forth in Hugueley's affidavit. These factors, however, do not void the search warrant for there are other facts presented in the affidavit which are sufficient to establish probable cause for issuance of the warrant. (See, Howell v. Cupp, 427 F.2d 36 (9th Cir. 1970)). The Court is of the opinion that the information obtained by virtue of Agent Hugueley's inspection of Williams's records and inventory, which information is presented in detail in the affidavit, is sufficient to support the Commissioner's finding of probable cause.

Agent Hugueley's inspection of Williams's records and inventory in the circumstances of this case was authorized under 18 U.S.C. § 923(g) which provides:

"The Secretary may enter during business hours the premises (including places of storage) of any firearms or ammunition * * * dealer * *

for the purpose of inspecting or examining (1) any records or documents required to be kept by such \* \* \* dealer \* \* \* under the provisions of this chapter or regulations issued under this chapter, and (2) any firearms or ammunition kept or stored by such \* \* \* dealer \* \* \* at such premises."

This provision is practically identical to the inspection provision relative to records required to be kept by retail dealers in alcoholic beverages under the Internal Revenue laws. (See 26 U.S.C. § 5146(a), (b)). That particular provision has been upheld as not violative of any Constitutional rights, Peebles v. United States, 341 F.2d 60 (5th Cir. 1965), cert. denied, 380 U.S. 988, 85 S. Ct. 1362, 14 L.Ed.2d 280 (1965); United States v. Sessions, 283 F.Supp. 746 (N. D.Ga.1968), and there appears to be no reason why the same rule should not be applied to the inspection provision of the Gun Control Act. There has been some judicial criticism of inspections (under § 5146(b)) which go beyond the standards and limits provided in the statute. For example, in the recent case of Colonnade Catering Corp. v. United States, 397 U. S. 72, 90 S.Ct. 774, 25 L.Ed.2d 60 (1970), the Court held that the standards provided by Congress in § 5146(b) did not include *forcible* entries for the purpose of inspection. In the instant case, there are no allegations that Agent Hugueley used force to carry out his inspection under 18 U.S.C. § 923(g), and there is no indication that Hugueley did not otherwise perform his duties within the standards and limits required by the statute. Accordingly, the Court determines that Hugueley's inspection was lawful, authorized and carried out pursuant to the standards provided for in the statute. On the basis of the information Agent Hugueley obtained by virtue of his authorized inspection and various admissions of Williams, all of which information is explicitly set out in the affidavit, this Court is of the opinion that there was probable cause for is-

suance of the search warrant and, therefore, Williams's motion for return of the property and suppression of evidence is denied.