LLOYD A. FRY ROOFING COMPANY, a Delaware corporation, Plaintiff,

v.

Robert G. LUNCHE, Acting Air Pollution Control Officer, Air Pollution Control District, Los Angeles County, California, and Joseph P. Busch, Jr., District Attorney for the County of Los Angeles, State of California, Defendants.

Civ. No. 73-1686-AAH.

United States District Court, C. D. California.

Nov. 21, 1973.

James E. Sutherland, Law Offices—Ted Sullivan, Samuel P. Block, Block, Bulloch & Scully, Lynwood, Cal., for plaintiff.

John H. Larson, County Counsel, Charles J. Moore, Deputy County Counsel, Los Angeles, Cal., for defendants.

## MEMORANDUM OF DECISION

HAUK, District Judge.

Plaintiff complains about Section 24269 of the California Health and Safety Code. This section authorizes the local air pollution control officer to require such analyses, plans or specifications as will disclose the nature of air contaminants which may be discharged by regulated equipment.

Plaintiff also asserts the unconstitutionality of the suspension of permits and subsequent hearing procedure which is outlined in Sections 24270 through 24276.

Similarly, Plaintiff complains about Section 24246 which authorizes inspections by the air pollution control officer of every building, except a private residence, during reasonable hours, for the purpose of enforcing or administering the air pollution control regulations.

There are pending against Plaintiff, in the Municipal Court for the State of California in Los Angeles County, charges of violations for excessive visible emissions and operations contrary to permit under the California Health and Safety Code. These charges arise out of Defendants' activities which Plaintiff, in the present case, claims to be unconstitutional.

This Court, therefore, abstains because the facts of the present case are more properly a subject for the Courts of the State of California. Younger v. Harris (1971), 401 U.S. 37, 91 S.Ct. 746, 27 L.Ed.2d 669; Perez v. Ledesma (1971), 401 U.S. 82, 91 S.Ct. 674, 27 L. Ed.2d 701.

Sections 24270 through 24276 of the California Health and Safety Code establish a procedure for public hearing before the local hearing board in the case of permit suspension by an air pollution control district. If Plaintiff's still active operating permits should be suspended, its speedy appeal to the local hearing board is legally adequate. Plaintiff has therefore failed to exhaust its state administrative remedies. Eisen v. Eastman (1969), 2 Cir., 421 F.2d 560.

In addition to raising the above defenses, Defendants also contend that the regulatory inspections conducted by the local air pollution control district, as well as its requests for information, are permitted by the Federal Constitution. People v. Union Oil, 137 C.A.2d Supp. 859, at 875, 291 P.2d 587 (App. Dept. Superior Court 1955), hearing denied, 351 U.S. 929, 76 S.Ct. 787, 100 L.Ed. 1458 (1956), reh. denied, 351 U.S. 990, 76 S.Ct. 1046, 100 L.Ed. 1503 (1956). United States v. Biswell (1972), 406 U. S. 311, 92 S.Ct. 1593, 32 L.Ed.2d 87; United States v. Sessions (1968), D.C., 283 F.Supp. 746. They also urge that a hearing prior to the suspension of a permit to operate is not required where the public health and safety is involved or where a prompt, subsequent hearing is assured. Getty Oil Company v. Ruckelshaus (1972), D.C., 342 F.Supp. 1006; Ewing v. Mytinger and Casselberry (1950), 339 U.S. 594, 70 S.Ct. 870, 94 L.Ed. 1088.

The Complaint is dismissed with judgment entered accordingly.